May Term,
1805.

*Giles* v. *Caines.*

AFTER noticing for trial, it was discovered that the defendant's attorney had not filed the plea, a copy of which he had delivered; the plaintiff therefore entered a default as for want of a plea.    To set aside this, the defendant noticed for the first day of term, but having obtained no order to stay proceedings, and not bringing on the motion upon that day, the plaintiff duly executed a writ of inquiry.    On these facts, and a strong affidavit of a good and substantial defence upon the merits,

*Caines* moved to set aside the default and all subsequent proceedings.    There was a distinction to be taken he said, between the circumstances here, and those in *Shepherd* ads. *Case, ante,* p. 94.    There, the plaintiff had done no act to waive the default, and therefore as it stood in full force, his perfecting his judgment afterwards was regular; but in the present instance, he had, by joining issue and noticing for trial, waived the mere form of filing the plea, and had no default on which to rest.    He had himself knocked away the foundation on which he stood. As to the want of filing the plea, that was from a mere form, and the court would order it to be done on the suggestion of the plaintiff himself.    *Cohan* ads. *Kip, ante,* p. 50.

*Evertson,* contra.    This is not to be distinguished from *Shepherd* ads. *Case.*    The plaintiff could not waive that which he did not know.

*Per Curiam.* The omission of filing the plea, not being known when issue was joined, or the cause noticed, cannot be cured by those acts. The principle therefore of *Shepherd* ads. *Case*, applies. Though there is a strong affidavit of merits, we can relieve only on terms ; those must be payment of costs, and filing the plea *instanter.*

---

## AUGUST TERM, 1805.