Freyberg agt. Pelerin.

-------

## SUPREME COURT.

### Edward F. Freyberg agt. Hilaire Pelerin.

An *infant plaintiff* cannot commence an action without the appointment of a *guardian*.

Where such an action is commenced without such appointment, the defendant may *move to set aside the summons, and complaint, &c., for irregularity*.   He is not confined to his remedy by answer in the nature of a plea in *abatement*.

*Kings Special Term, September,* 1862.

Motion by defendant to set aside plaintiff's summons, and complaint, &c., for irregularity, in an action of slander,

Freyberg agt. Pelerin.

on the ground that the plaintiff was an infant, and had commenced the action in his own name, without the appointment of a guardian.

Wm. E. Curtis, *for defendant and the motion.*

1. The plaintiff is an infant, and sues in his own name. The Code requires him to appear by guardian. (*Code*, § 115.)

2. The motion to set aside the proceedings is the proper remedy for the defendant.

Judge Woodruff, in the case cited below, ruled " that infancy of a plaintiff cannot be proved as a ground of nonsuit on the trial. It must be pleaded in abatement, or the question be raised by motion to set the proceedings aside for irregularity in respect to the appointment of a guardian or next friend." (*Treadwell* agt. *Bruder*, 3 *E. D. Smith*, 597; *Code*, § 116 *and notes; Holmes & Disbrow's Practice*, 51; 1 *Burrill's Practice*, 115; 2 *id.*, 81; *Supreme Court, Rule* 65 ; 11 *How. P. R.*, 148.

Augustus B. Knowlton, *for plaintiff in opposition.*

Lott, Justice. Motion granted, but without costs, as the question appears to be new under the Code. Although it would be competent to set up the infancy of the plaintiff by answer, in the nature of the old plea in abatement, I am of the opinion that the objection can be and is more properly taken by a motion like this. It was provided by the Revised Statutes (2 *R. S.*, *p*. 446, § 2,) that before any process should be issued, in the name of an infant who was sole plaintiff, a competent and responsible person should be appointed as the next friend of the infant in the suit, who should be responsible for the costs thereof.

The Code has abolished the using of the term "next friend," not in terms, but by providing in section 115 that when an infant is a party, he must appear by guardian appointed by the court in which the action is prosecuted,

or by a judge thereof, or a county judge; and the next section provides how the appointment shall be made. The guardian appointed for an infant plaintiff is made responsible by section 316 for the costs adjudged against the infant, and the payment thereof, and may be enforced by attachment.

Although there is a change in the designation of the party by whom the infant is to prosecute the action, yet I am of the opinion that no proceeding can be regularly commenced without the appointment of some person to act for him; and it is proper that the defendant should not be obliged to limit his objection to an answer. He is entitled to be indemnified against costs, and ought to be permitted to avail himself of the objection by motion, on the ground of irregularity, as was decided under the old practice. (*See Wilder* agt. *Ember*, 12 *Wend.*, 191; *ex parte Scott*, 1 *Com.*, 33; *since the Code, Hoftaling* agt. *Teal*, 11 *How. P. R.*, 188.)