By the Court—Monell, J.
It is not disputed that the plaintiff was an infant at the commencement of the action, nor that he did not procure the appointment of a guardian. There ds some doubt whether he became of age before the motion was made. Two of the defendants’ affidavits give declarations of the plaintiff, showing him not to be of age, but the plaintiff swears he became of age in December, 1861, and he proves it by the family record, usually the best evidence of the fact.
I am inclined to believe the plaintiff’s statement, and to assume that he was of age when the motion was made.
It is not necessary to decide whether the provision of the Eevised Statutes, requiring the appointment of a next friend for an infant plaintiff, before the issuing of process, is in force, or in any degree affected by the Code. Both require the appointment to be made, the one of a next friend and the other of a guardian, before the commencement of the action. For is it important to determine, whether the position of the plaintiff’s counsel, that the objection goes to the legal capacity of the plaintiff to sue, and, therefore, is waived by not setting it up by answer, is or is not sound.
I think the learned Judge who granted the motion erred in deciding that this was a jurisdictional question. The Court had jurisdiction of the parties and of the subject of the action, and the omission, therefore, to procure the appointment of a guardian was an irregularity, which might be cured or waived.
We have not been referred to any case where such omission has been held to deprive the Court of jurisdiction; and I believe no such case can be found.
In Fitch v. Fitch, (18 Wend., 513,) a capias was issued at the suit of an infant plaintiff, before the appointment of a next friend. A motion to set aside the proceedings was denied, it appearing that since the commencement of the suit a next friend had been appointed. The subsequent appointment cured the irregularity.
But in Fellows v. Niver, (Id., 563,) the question was *641 more folly examined. The suit was commenced without a next friend. After plea pleaded the defendants moved to-set aside the proceedings. It was shown on the part of the plaintiff, that, since the commencement of the suit, a next friend had been appointed, but notice thereof had not been given to the defendant. The Court, after reviewing the several statutes on the subject, and alluding to the practice requiring the defendant to take advantage of an infant’s suing without a prochein ami, by plea in abatement, say “ the only difference between the former statutes “and the present is this; formerly the proehein arnicas “ appointed after the issuing of the process, but before a “declaration; now it should be done before process; but “now, as formerly, it is a question of regularity merely; “not, as the defendant’s counsel supposed, a question of “jurisdiction. It is a question of practice, and the irregularity may be waived under the present statute as well “ as under the old statutes. In both periods, the next “Mend must be appointed before declaration, and the “appointment must appear in the commencement of '“the declaration. The practice after declaration is the “same now as formerly. If this suit was commenced by “ writ, the defendant might have moved, before he pleaded, “ to set aside the writ; but, having pleaded to the merits, “he- has waived the irregularity, and admitted that the “plaintiffs are recti in curia. If he has any remedy now, “it is not by motion.”
This case covers the whole ground, and is decisive against the defendants, unless it can be said that their answer, having been put in without any knowledge or information, of the irregularity, cannot be deemed to be a waiver of it. The subsequent steps of a party in an action, in ignorance of an irregularity, do not always.operate as a waiver of the irregularity.. But there is no proof of such ignorance except the attorney’s affidavit. ‘
The answer, however, in this case is, that before the motion was made the plaintiff had attained to his majority, when the necessity for, as well as the offices of a guardian, *642 had ceased. I entertain no doubt that, after the infant becomes of age, the guardian may be released and the suit may proceed in the name of the infant alone. The infant then becomes sui juris; he is responsible for costs, and can appoint his own attorney.
For these reasons we are of opinion the order should be reversed, without costs.