## PARKS *a.* PARKS.

*Supreme Court, Seventh District; General Term, March,* 1865.

### MOTION TO SET ASIDE PROCEEDINGS.

After an answer is served, a defendant is too late to move to set aside the plaintiff's proceedings, on the ground that the action is prosecuted without the appointment of a guardian.\*

Appeal from an order.

The action was brought by Amelia J. Parks, an infant, against James W. Parks.

---

\* S. P. Rutter *a.* Puckhoffer, 10 *Bosw.*

In the case of GLOVER *a.* HAWS (*Supreme Court, First District; At Chambers, November,* 1862), it was *Held,* that the appointment of a *guardian ad litem* for an infant defendant who had not been served with summons is void.

The cause came before the court on a motion to require a purchaser under a foreclosure sale to complete his purchase.

The action was brought by John Glover, executor, against William E. Haws and others for a foreclosure of a mortgage, executed by Haws and wife to the plaintiff. One Mary P. Davis, a judgment creditor of Haws, was a party defendant. Her judgment was a lien upon the property. She was an infant over fourteen years of age. No summons or complaint was served upon her in the present action. An order was made appointing R. C. Beaunsh *guardian ad litem* for Mary P. Davis; the guardian put in answer; there was a reference, the proper proofs taken, and decree and sale. Charles F. Hunter purchased the property under the sale, but refused to complete his purchase because Mary P. Davis was not served with summons. The plaintiff made the present motion.

*David Hawley,* for the motion.—I. The amendment of the Code in 1862 gives the court power in foreclosure and partition cases, where the infants reside out of the State, to appoint guardian on application of the plaintiff at any special term, &c. Section 116 of the Code, to which this is an addition, gives the appointment on application of the infant, if over 14, and applying within 20 days after service of the summons; if under 14, or neglecting so to apply, on the application of any other party or of friend, &c. So that the fact that in case of non-

An order was made at special term setting aside the summons and complaint, on the ground that the plaintiff, though an infant, prosecuted her action without the appointment of a guardian. The order was to the effect that the proceedings be set aside, unless the plaintiff within twenty days should pro-

resident infant-defendants no time after service or for application, &c., is specified, and that it is confined to plaintiffs, when in other cases the infant, other parties, or friends can apply, shows that the intention is not to require a previous service of the summons.

II. The authority of the court to appoint guardians of infants does not come from the statute, but is a part of its general jurisdiction over minors and their estates. (2 *Barb. Ch. Pr.*, 219.)

So that the court having appointed a guardian, even though the mode of appointment was irregular in not being according to the statute, the appointment having been made, it is good, and the acts of the guardian under it binding. (18 *Wend.*, 563).

Like decree by consent, or order for maintenance where infants are concerned; reference is usually required; but a decree or order made by consent without reference is equally binding. (Wall *a.* Bushby, 1 *Bro. C. C.*, 484; Tillotson *a.* grave, 3 *Mad.*, 494.)

*Marcus Sackett*, opposed.—I. Civil action in the courts of record of this State shall be commenced by the service of summons. · (*Code*, § 127.) The summons shall be served by delivering a copy thereof in this case to the defendant personally. (*Ib.*, § 134.) Then comes section 135, providing that in case defendant cannot be found in the State, the summons may be published, &c. The summons should have been published.

II. After the service of the summons, comes the appointment of a *guardian ad litem*. Section 116 provides, the guardian shall be appointed, "if the infant does not apply, then any other party to the action, after notice of the application," &c. Prior to 1862 there was no mode pointed out for the service of the notice of application for the appointment of guardian, if the infant resided out of the State. This addition to section 116 was intended to supply this omission.

III. Had it been intended as a substitute for the service of summons, it would require an amendment to section 134, or a clause expressly denoting that it was to change the mode of service of summons or the mode of commencing civil actions.

IV. Summons must be served before guardian could be appointed. (9 *Paige* 255. See Cook *a.* Farren, 34 *Barb.*, 95; 13 *How. Pr.*, 43; 3 *Ib.*, 109; 14 *Ib.*, 380; 5 *Ib.*, 341–45.)

BARNARD, J.—The amendment to section 116 merely regulates the mode of the appointment of a *guardian ad litem* for a non-resident infant, after such infant has been brought into court by some one of the modes of serving the summons recognized by the law. It was not intended to, and does not obviate the necessity of bringing the infant into court by service on him of the summons.

Motion denied.

cure the appointment of a guardian, and pay ten dollars costs of motion.

From this order the plaintiff now appealed to the general term.

*C. Jordan,* for the plaintiff, appellant.

*H. H. Woodward,* for the defendant, respondent.

BY THE COURT.*—The case of Fellows and Hawes *a.* Niver (18 *Wend.,* 563) is decisive of this case. In that case the court held that, the defendant having pleaded to the merits, he had waived the irregularity, and admitted that the plaintiffs were *recti in curia.* The statute in relation to the appointment of guardians for infant parties, when that case was decided, was substantially the same as provided by the Code of Procedure.

Order appealed from reversed, with $10 costs.

---

## BROUGHTON *a.* MITCHELL.

*Supreme Court, Sixth District; General Term, May,* 1865.

### APPEAL TO SUPREME COURT IN CAUSE ORIGINATING IN JUSTICE'S COURT.

Exceptions taken, upon the trial, in a County Court, of a cause brought to that court by appeal from a justice's court, may be reviewed in the Supreme Court on appeal thereto from the judgment of the County Court, although a motion for a new trial has not been made in the County Court.†

---

* Present, J. C. SMITH, WELLS, and E. DARWIN SMITH, JJ.

† It was held in Dixon *a.* Buck (42 *Barb.,* 70) that although, by subdivision 6 of section 366 of the Code as amended in 1862, either party may move for a new trial in the County Court on a case or exceptions, either before or after judgment has been entered, a party is not obliged to do so before appealing to the Supreme Court. A notice of motion for a new trial in the County Court is not