## BUFFALO SUPERIOR COURT.

JOSEPH M. WOLFORD, by his guardian, &c., agt. ANGELIQUE L. OAKLEY.

Where an infant plaintiff procured the appointment of a *guardian*, and the suit proceeded to issue and was on the calendar for trial : On a motion by the defendant to dismiss the complaint and action, on the ground that the guardian was at the time of his appointment, and still is *an infant* :

*Held*, that the defendant, not knowing of the infancy of the guardian until after service of his answer, the irregularity in the appointment of guardian was *not waived* by him in answering upon the merits :

*Held*, also, that the plaintiff, having shown satisfactorily, that the guardian acted under a misapprehension as to his having attained his majority and having lately ascertained his mistake, was allowed upon terms to appoint a new and proper guardian to proceed in the action *nunc pro tunc*.

*Special Term, March,* 1872.

BEFORE the commencement of this action, the infant plaintiff procured the appointment of a guardian, and the suit proceeded to issue, and was upon the calendar of the present civil term for trial. A motion is now made by the defendant to dismiss the complaint and action, on the ground that the guardian was, at the time of his appointment and still is, an infant. The fact is not controverted, but the plaintiff satisfactorily shows that the guardian acted under a pardonable misapprehension as to his having attained his majority, and had only lately ascertained his mistake. The plaintiff asks that he be allowed to procure the appointment of a suitable guardian, *nunc pro tunc*, without prejudice to the proceeding already had.

P. G. PARKER, *for the motion.*
SPENCER CLINTON, *opposed.*

SHELDON, *J.*—The omission to procure the appointment of a guardian for the infant plaintiff, was an irregularity, and not a jurisdictional question. This court has jurisdiction of the parties and of the subject of the action, and the irregularity established is such a one as may be cured or waived (*Fitch* agt. *Fitch*, 18 *Wend.*, 513; *Fellows* agt. *Niver*, 18 *Wend.*, 563; *Rutter* agt. *Puckhofer*, 9 *Bosw.*, 638).

It is claimed, that in this case, the irregularity is waived by answering upon the merits, thereby admitting that the plaintiff is *rectus in curia*, and that if the defendant has any remedy now in the matter, it is not by motion. But the moving affidavits show, beyond any question, that the defendant had no knowledge or information of the infancy of the guardian until after the answer was served, and indeed, the guardian himself discloses by his affidavit that he believed in good faith that he had attained his majority and so acted publicly until sometime after the commencement of this action.

As a general principle, the subsequent steps of a party in an action, in ignorance of an irregularity, do not always operate as a waiver of the irregularity (3 *Caines*, 107). In this case, the position of guardian was assumed by an infant in full belief he was of age, as evidenced by his transacting business in his own name, and exercising the right of elective franchise, and it is not improbable that a motion by defendant made before answer, would have been met by the positive assertion, that the guardian was competent in that respect, and the motion failed. The motion was made without delay, upon ascertaining the evidence of the fact relied upon, and I think, that the court would not be justified in holding that the irregularity has been in any manner waived, but conclude that it still exists, and has not been cured by attempting to procure and procuring the appointment of a competent guardian.

The case of *Parks* agt. *Parks*, (reported in 19 *Abb.*, 161), was not a well considered decision, and undoubtedly was

rendered without the benefit of the suggestion of Justice MONELL, delivered as the judgment of the court in *Rutter* agt. *Puckhofer*, above cited, and which was not then published. Were such the rule, to the extent claimed, then, after answer, the defendant would be remediless and deprived of the protection intended to be given him by statute, to indemnify him for costs in actions where the plaintiff did not recover, even though his answer was interposed in entire ignorance of the infancy or procured by false suggestions of the plaintiff, or those who were using him to accomplish their designs. Such a rule would be in conflict with the remedial provisions of the Code, and unfounded in principle.

The infant plaintiff must have a guardian appointed before he commences his action ; he must appear by guardian and cannot appear in court otherwise, and the guardian is made responsible for the costs adjudged against the infant plaintiff. (*Sections* 115 *and* 316 *Code, and rule* 61.)

If he fails to do so, the defendant is not limited to his answer in the nature of a plea of abatement, but may move to have the proceedings set aside for irregularity.

The plaintiff asks to be allowed now, to procure the appointment of a competent guardian *nunc pro tunc*, and that the case proceed the same as if one had been appointed before the commencement of the action, and in asking this, has shown that the irregularity complained of was unintentional, and his proceedings have all been taken in good faith. It is the practice to allow a party opposing a motion to amend the defects, or cure the irregularities complained of, without a new motion on his part, where the amendment proposed is proper in itself, and the court can see from the nature of the case that no new facts can be presented that ought to defeat it (10 *Abb.*, 424; 8 *Abb.*, 33; 3 *Abb. N. S.*, 223). The latter case may be considered an extreme case, but it is consistent with the spirit of the sections of the Code, upon which it was founded.

The plaintiff should have the opportunity of correcetng· his irregularity, and if the appointment is procured and accepted by the guardian in this stage of the case, he will be liable to the defendant for all costs of the action, if the defense succeeds.

The motion to set aside all the plaintiff's proceedings is granted with costs of suit, and ten dollars costs of this motion, unless the plaintiff procures the appointment of a guardian within fifteen days, and gives notice thereof to the defendant's attorney, and pays ten dollars costs of making this motion, the plaintiff's proceeding to be stayed meanwhile.

The order to be entered will also provide, that if such appointment is procured and the terms complied with, all process, pleadings and papers in the action be amended by substituting the name of such guardian in place of the guardian now purporting to be acting, and the issue heretofore joined be considered as proceeding from the date thereof, the same as if the said newly designated guardian had been originally ap-pointed.