MARSHALL J. RIMA, Respondent, *v.* THE ROSSIE IRON WORKS, Appellant.

The omission to appoint a guardian *ad litem* for an infant plaintiff before the bringing of an action, is not a jurisdictional defect, but is an irregularity merely.

At the close of the evidence upon the trial of an action, the defendant moved for a nonsuit on the ground that the plaintiff was an infant, and was prosecuting the action without the appointment of a guardian.

An application thereupon made for such an appointment *nunc pro tunc*, was granted, an order entered to that effect and the motion denied. *Held*, that it was within the power and discretion of the court to grant the order (Code Civ. Pro. §§ 721–725), and that the refusal to nonsuit was not error.

Plaintiff was an employe working in defendant's mine. The draw-bar to a loaded car, which was being drawn up out of the mine, broke, and the car, running rapidly back, struck an empty car, which, by direction of the "mine boss," plaintiff was engaged in shoving into position to be loaded, and he was injured. In an action to recover damages, plaintiff's evidence tended to show that the draw-bar was cracked at the point where it broke, and that notice of this fact had been given previous to the accident to said mine boss, who, although not the nominal, was the actual superintendent of the mine. *Held*, that the evidence justified a finding of negligence on defendant's part.

*Mem.* of decision below, 47 Hun, 153.

(Argued April 22, 1890; decided June 3, 1890.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 10, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed two orders, one denying a motion for a new trial and the other appointing a special guardian of the plaintiff.

This was an action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant.

On the 27th of January, 1886, the plaintiff was in the employ of the defendant, a corporation engaged in operating an iron mine in the county of Jefferson. The ore was mined far underground and was loaded onto cars, which were shoved by hand over a level track to the bottom of a somewhat steep ascent, where a wire cable was attached by means of a clevis and draw-bar. Motive power, furnished by a stationary engine, was then applied to the cable and the car was thus drawn out of the mine. On the day in question, as a loaded car was being drawn up the ascent, the draw-bar broke and the car descended with great velocity and ran against an empty car, which the plaintiff, by the special direction of the "mine boss," was engaged in shoving into position to be loaded. The

empty car, thus set in sudden motion, was thrown against the plaintiff, who was severely injured. He had been working but one day in this mine when the accident happened, although he had worked in an adjoining mine, belonging to the defendant, for twenty days immediately preceding. Evidence was given tending to show that the draw-bar was cracked at the point where it broke, and that notice of this fact had been given to the " mine boss," who, although not the nominal, was the actual superintendent of the mine.

Further facts appear in the opinion.

*Louis Hasbrouck* and *Charles R. Westbrook*, for appellant. The plaintiff should have been nonsuited at the moment it appeared on the trial that he was an infant, prosecuting without guardian. (*Schermerhorn* v. *Jenkins*, 7 Johns. 373 ; Code, § 469 ; 2 R. S. 446, § 2 ; *Imhoff* v. *Wurtz*, 9 Civ. Pro. Rep. 48.) The plaintiff entered the service of the defendant subject to all the risks incident to his work, and to all those which were apparent to ordinary observation ; and if the defendant did nothing after the employment to aggravate the danger, there was no liability for the injury which he received. (*Gibson* v. *E. R. R. Co.*, 63 N. Y. 449–452 ; *Deforest* v. *Jewett*, 88 id. 264–268 ; *Appel* v. *B., N. Y. & P. R. R. Co.*, 111 id. 550.) The gist of the action being negligence of the defendant, such negligence must be affirmatively shown and cannot be presumed from simple proof of injury. (*Devlin* v. *Smith*, 89 N. Y. 470–476 ; 25 id. 562–566 ; *Warner* v. *E. R. R. Co.*, 39 id, 418–475–478 ; *Cahill* v. *Hilton*, 106 id. 512–517 ; *De Graaf* v. *N. Y. C. & H. R. R. R. Co.*, 76 id. 125–128–131 ; *Culligan* v. *Jones*, 14 id. 185 ; *Byrnes* v. *N. Y. & E. R. R. Co.*, 113 id. 251–256.) Under the absolute absence of evidence that the defendant knew of any defect in the draw-bar of the car that did the injury, and the conclusive evidence that it was not the one notified by Lee to Johnson, it was error in the trial justice to refuse the motion for nonsuit. (*Burke* v. *Witherbee*, 98 N. Y. 562, 564 ; *Dwight* v. *G. L. Ins. Co.*, 103 id. 341–358 ; *Baulec* v. *N. Y.*

*& H. R. R. Co.*, 59 id. 352–366; *Toomey* v. *R. Co.*, 3 C.
B. [N. S.] 146.) If Lee failed to put the defective car out
of use on the west track, and that car continued to be used by
him and caused the plaintiff's injury, then such injury was
clearly the result of the negligence of the plaintiff's own
friend and co-servant, Lee alone. (*Byrnes* v. *N. Y. & E. R.
R. Co.*, 113 N. Y. 251.) If the proof shows that the defend-
ant had provided other trucks in perfect condition to take the
place of the one found defective, and the latter continued to
be used by Johnson, the foreman, and was the cause of the
plaintiff's injury, the defendant is not liable for negligence,
and the negligent act of Johnson was that of the plaintiff's
co-servant. (*Webber* v. *Piper*, 109 N. Y. 496.) The trial
justice erred, both in refusing to nonsuit and in charging the
jury that Johnson's position as foreman was such as to charge
the defendant with any careless or improper order which he
might give about the work, which contributed to the plaintiff's
injury. (*Culligan* v. *Jones*, 14 N. Y. 189, 190; *Roach* v. *J.
A. I. Works*, Id. 583, 584; *Shaw* v. *Sheldon*, 103 id. 667; 3
N. Y. S. R. 179; *Loughlin* v. *State of New York*, 105 N. Y.
159, 160–162; *Crispin* v. *Babbitt*, 81 id. 516, 522; *Ellis* v.
*N. Y., L. E. & W. R. R. Co.*, 95 id. 547; *Baulec* v. *N. Y.
& H. R. R. Co.*, 59 id. 352–356.) The foreman, Johnson,
was not a representative of the defendant in the repairs of
machinery, and notice, therefore, to him of a defective imple-
ment, was not sufficient to prove notice to the defendant of
such defect. (*Crispin* v. *Babbitt*, 81 N. Y. 516; *Birch* v.
*R., N. Y. & P. R. R. Co.*, 98 id. 211–216; *Warner* v. *E. R.
W. Co.*, 39 id. 468–470; *Roach* v. *J. A. I. Works*, 14 N. Y.
S. R. 583, 584.) The uncontradicted evidence having shown
that the accident not only might have happened, but probably
did happen from a cause for which the defendant was not
responsible, it was incumbent on the plaintiff to show by
" preponderating proof " that his injury was the direct result
of the defendant's negligence. (*Searles* v. *M. R. Co.*, 101
N. Y. 661; *Taylor* v. *City of Yonkers*, 11 N. E. Rep. 642;
*Morse* v. *N. Y. C. & H. R. R. R. Co.*, 39 Hun, 414.) It

was incumbent on plaintiff to prove by preponderating proof that he did not in any way contribute to his injury. (*Hale* v. *Smith*, 78 N. Y. 480–483 ; *Lee* v. *T. G. L. Co.*, 98 id. 116–119 ; *Johnson* v. *S. & B. R. R. Co.*, Id. 198 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521–535.) The trial justice erred in submitting to the jury the question whether the place where the plaintiff worked was an improper one. (*Gibson* v. *E. R. W. Co.*, 63 N. Y. 449 ; *Deforest* v. *Jewett*, 88 id. 264.)

*C. H. Walts* and *W. F. Porter* for respondent. The appellant was charged with the duty of furnishing to respondent adequate and suitable trucks and implements for his use, and a safe and proper place in which to perform his work. This it did not do, and its omission in that regard was negligence. (*Pautzar* v. *T. F. I. M. Co.*, 99 N. Y. 368 ; *Leonard* v. *Collins*, 70 id. 90 ; *Corcoran* v. *Holbrook*, 59 id. 517 ; *Boot* v. *B. & A. R. R. Co.*, 73 id. 38 ; *Hedgeman* v. *W. R. R. Co.*, 13 id. 9 ; *Berying* v. *Steinway*, 101 id. 547 ; *Gelick* v. *B. & A. R. R. Co.*, 53 id. 549 ; *Stringham* v. *Stewart*, 100 id. 516 ; *Galvin* v. *Mayor*, 112 id. 223.) Notice to Johnson, or orders given by Johnson, was notice to or orders given by appellant. (*Loughlin* v. *State*, 105 N. Y. 159 ; *Hussey* v. *Coger*, 9 N. Y. S. R. 340.) The trial court had power to appoint a guardian for the infant plaintiff *nunc pro tunc*, if such became necessary to promote right and justice, and in this case there can be no claim of injustice to appellant by reason of such appointment, whether in fact it was necessary or not. After verdict, the irregularity, if any existed, was cured, the verdict being in favor of plaintiff. (Code Civ. Pro. §§ 721, 722, 723 ; *Wise* v. *C. F. Ins. Co.*, 2 Abb. [N. C.] 325 ; *In re Brocklebank*, 22 Eng. Rep. 854 ; 40 Am. Dec. 392 ; *Schermerhorn* v. *Jones*, 7 Johns. 372 ; *Fellows* v. *Nivers*, 18 Wend. 563 ; *Parks* v. *Parks*, 19 Abb. Pr. 161 ; *Rutter* v. *Puckhoffer*, 9 Bosw. 639 ; *Treadwell* v. *Bradee*, 3 E. D. Smith, 597 ; *Sims* v. *N. Y. D. College*, 35 Hun, 344 ; *Walford* v. *Oakley*, 43 How. Pr. 118.)

· VANN, J.   The trial of this action was commenced on the 23d of September, 1886, and during its progress it appeared by the cross-examination of the plaintiff that he was an infant, and that he would not be twenty-one years of age until the third of the following month.   The defendant was ignorant of this fact · on the 16th of June, 1886, when the action was commenced, and did not hear of it until two days before the commencement of the trial.   At the close of the evidence a motion was made for a nonsuit upon the ground, among others, that the plaintiff, although under age, was prosecuting the action without a guardian *ad litem*, whereupon an application was made to the court for the appointment of a guardian *nunc prc tunc*.   The application was granted, and before the case was submitted to the jury, an order was entered in the minutes of the court, which, after reciting the substance of the affidavit upon which it was founded, appointed a guardian *ad litem* "for said infant plaintiff for the purposes of this action," and provided "that all pleadings herein be amended accordingly."   It was further directed that the order "be and hereby is entered as of a date previous to the service of the summons herein."   The defendant insists that the court had no power to make said order, and that the motion to nonsuit should have been granted.   The question is also raised by a direct appeal from the order as made.

The Code of Civil Procedure provides that where an infant has a right of action, he is entitled to maintain an action thereon; that the same shall not be deferred or delayed on account of his infancy, but that before a summons is issued in his name, a competent and responsible person, who shall be responsible for the costs, must be appointed to appear as his guardian for the purpose of the action. (§§ 468, 469.) The corresponding section of the Code of Procedure provided that "when an infant is a party he must appear by guardian." (§ 115.)   These sections had their origin in the Revised Statutes, which declared that when an infant had a right of action to recover real property or the possession thereof, or to recover any debt or damages, he should be entitled to maintain a suit

thereon, and that the same should not be deferred or delayed
on account of such infant not being of full age, but required
that a competent and responsible person should be "appointed
to appear as next friend for such infant" before any process
should be issued in his name.   (2 R. S. [3d ed.] 542, §§ 1, 2.)
Thus it appears that for many years a statute, mandatory in
form, has required the appointment of a guardian or next
friend before process could be issued in the name of an infant
plaintiff.   The decisions, under these statutes, have held,
almost without exception, that the omission to appoint a special
representative of the infant was an irregularity only, and
that it did not affect the jurisdiction of the court   Thus, in
*Fellows* v. *Niver* (18 Wend. 563, 564), which arose while the
Revised Statutes were in force, the court said : " It is a ques-
tion of regularity merely, not, as defendant's counsel supposes,
a question of jurisdiction."

In *Rutter* v. *Puckhofer* (9 Bosw. 638), decided under the
Code of Procedure, it was declared that " the learned judge
who granted the motion erred in deciding that this was a
jurisdictional question.   The court had jurisdiction of the
parties and of the subject of the action, and the omission,
therefore, to procure the appointment of a guardian was an
irregularity, which might be cured or waived."

In the following cases judgment was rendered upon the
same principle, necessarily involved, although not always dis-
tinctly announced.   (*Treadwell* v. *Bruder*, 3 E. D. Smith,
596 ; *Freyberg* v. *Pelerin*, 24 How. Pr. 202 ; *Parks* v. *Parks*,
19 Abb. Pr. 161 ; *Wolford* v. *Oakley*, 43 How. Pr. 118.)

Under the Code now in force the decisions, with a single
exception, are to the same effect.   In *Smart* v. *Haring* (14
Hun, 276), one of the plaintiffs was an infant when the action
was commenced, but was of full age at the time of the trial.
Although no guardian had been appointed for him, it was
held that the court acquired jurisdiction and that the irregu-
larity was waived by pleading to the merits.

In *Sims* v. *New York College of Dentistry* (35 Hun, 344),
the defendant first learned from the cross-examination of the

plaintiff on the trial that she was an infant when the action was commenced, and a motion was made to dismiss the complaint on this ground. Following the case last cited, it was held that the plaintiff, being then of age, was *rectus in curia*, and that the omission to appoint a guardian did not deprive the court of jurisdiction.

In *Imhoff* v. *Wurtz* (9 Civ. Pro. Rep. 48), the County Court of Erie county dismissed the complaint because it appeared upon the trial that the plaintiff was an infant and no guardian had been appointed. An application to set aside the order was denied and the case does not appear to have proceeded further.

We think that it should now be regarded as settled that the failure to appoint a guardian *ad litem* for an infant plaintiff affects the regularity of procedure, but not the jurisdiction of the court. This seems to have been the theory of the legislature in enacting title one of chapter eight of the Code of Civil Procedure, entitled "Mistakes, omissions, defects and irregularities." This article provides that where a verdict has been rendered, the judgment shall not be stayed, impaired or affected by reason of "the appearance, by attorney, of an infant party," if the verdict or judgment is in his favor, and confers ample power upon courts of record to afford relief against irregularities of every nature, unless it should be contrary to the right and justice of the matter or should alter the issue between the parties. (Code Civ. Pro. §§ 721–725.)

The order complained of was, therefore, within the sound discretion of the court, and we think that, under the circumstances, the power conferred by the statute was discreetly exercised.

The conclusion of the jury that the draw-iron had been fractured and that the "mine boss" knew of the fact before the accident, is not without evidence to support it within the rule governing appeals to this court, and thus negligence on the part of the defendant was established.

There was evidence tending to show that before the loaded car started up the ascent the "mine boss" said to the plaintiff

and his associates: "Run back this empty car and load it and hurry up; we want to get out of the mine;" that they then attempted to shove the car back, but meeting with some impediment on the track, they were engaged in removing it, when some one shouted: "Get out of the way, the truck is coming," and a noise "like a roar of thunder was heard;" that the plaintiff jumped behind the car to get on the main track and run to a place of safety, which, as he testified, was his only chance, but, as he reached the main track, his foot slipped on a piece of ice and before he could recover himself he was hit by the descending truck. It also appeared that ice had recently been removed from the track and piled up several feet high on each side, forming a bank or ridge. Under these circumstances it was a question of fact for the jury whether the plaintiff was negligent, and their verdict in his favor, under the careful charge of the court, established the absence of negligence on his part. Upon the facts as found, therefore, he was entitled to recover, and the judgment should stand unless some error was committed during the progress of the trial, to which exception was taken.

After carefully examining all of the exceptions relied upon by the appellant, we find no error that entitles it to a new trial, and the judgment and orders should, therefore, be affirmed, with one bill of costs.

All concur except FOLLETT, Ch. J., not sitting.

Judgment and orders affirmed.