(42 Misc. Rep. 10.)

### PEARSALL v. ROSEBROOK et al.

(Supreme Court, Special Term, Queens County. November, 1903.)

**1. PARTITION—ACTION BY INFANT—CONSENT OF SURROGATE.**

Jurisdiction to entertain an action for partition by an infant in the Surrogate's Court is not conferred by the Code of Civil Procedure; and its provision for the appointment of a guardian ad litem, and requiring the written consent of the surrogate (Code Civ. Proc. § 1534), is only intended to regulate the exercise of that jurisdiction, and an omission to obtain such consent before the commencement of the action may be subsequently supplied.

Action for partition by Hannah G. I. Pearsall, by Katherine Smith, her guardian ad litem, against Annie E. Rosebrook and others. After action commenced, the surrogate gave the written authority referred to in section 1534 of Code, ordering that it take effect nunc pro tunc as of a date prior to commencement of action. Motion was made on behalf of several of the defendants for dismissal of complaint. Denied.

George Wallace, for plaintiff.
Charles S. Noyes and G. J. Wiederhold, for defendants.

SMITH, J. In my opinion, jurisdiction to entertain an action for partition by an infant is not conferred by the Code of Civil Procedure. The Code provisions for the appointment of a guardian ad litem, and requiring the consent of the surrogate for the maintenance of the action by an infant plaintiff, are intended to regulate the exercise of that jurisdiction; and, as it has been held that the failure to appoint a guardian ad litem affects only the regularity of the procedure (Rima v. Rossie Ironworks, 120 N. Y. 433, 24 N. E. 940), it follows that the omission to obtain the consent of the surrogate before the commencement of the action may subsequently be supplied.

Motion denied.