(164 App. Div. 812)

ANDERSON v. ANDERSON.　(Nos. 6395, 6396.)

(Supreme Court, Appellate Division, First Department.　December 4, 1914.)

1. INFANTS (§ 79*)—ACTIONS—GUARDIAN AD LITEM—NECESSITY OF APPOINT-MENT.

Under Code Civ. Proc. § 469, providing that, before a summons is is-sued in the name of an infant plaintiff, a competent and responsible per-son must be appointed to appear as his guardian for the purpose of the action, and section 721, providing that where a verdict, report, or deci-sion has been rendered the judgment shall not be stayed, nor shall any judgment be impaired or affected by reason of the appearance by attor-ney of an infant party, if the verdict, report, decision, or judgment is in his favor, where in a wife's action for divorce on the ground of adultery no guardian ad litem was appointed, though the wife was under 21, after a jury trial at the Trial Term, the denial of a motion for a new trial, and a report of a verdict adverse to the wife to the Special Term, the court could not cure the irregularity by appointing a guardian ad litem nunc pro tunc, though judgment had not been entered, as the Special Term had no control over the verdict, which would inevitably lead to a judgment adverse to the infant plaintiff, and which, being adverse to her, was not within the provisions of section 721, and hence a motion to va-cate all proceedings and strike the cause from the calendar should have been granted.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 208, 209; Dec. Dig. § 79.*]

2. INFANTS (§ 78*)—ACTIONS—GUARDIAN AD LITEM—NECESSITY OF APPOINT-MENT—"INFANT."

That a wife, suing for a divorce without the appointment of a guardian ad litem, was over 20 years old, did not render the proceedings regular, as in law she was an "infant," incompetent to litigate without the aid of a guardian ad litem to the very moment of attaining her majority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 195–207, 209; Dec. Dig. § 78.*

For other definitions, see Words and Phrases, Infant.]

3. INFANTS (§ 80*)—ACTIONS—GUARDIAN AD LITEM—PROCEEDINGS FOR AP-POINTMENT.

Where, in an action for divorce, the court, after a verdict adverse to the infant plaintiff, but before judgment, made an order providing that a guardian ad litem would be appointed for plaintiff nunc pro tunc, a pe-tition by plaintiff, reciting the facts as to her infancy and the proceedings which had been had, and asking for the appointment of her mother as guardian ad litem for the sole purpose of proceeding by appeal or other-wise to have vacated and set aside all proceedings already had, was in strict compliance with Code Civ. Proc. § 469, requiring the appointment of a guardian ad litem for an infant plaintiff, and section 470, providing that the guardian must be appointed upon the application of the infant, if of the age of 14 years or upwards, and an order appointing the mother pursuant to such application was proper, and improperly vacated.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 210–221; Dec. Dig. § 80.*]

Appeal from Special Term, New York County.

Action for divorce by Marguerite E. Anderson against John A. An-derson.　From an order vacating an order appointing Mollie Ebling as guardian ad litem of the infant plaintiff, plaintiff, by guardian, appeals; and from an order appointing Enos S. Booth as guardian ad litem of said plaintiff nunc pro tunc, he appeals.　Order appointing the guard-

ian ad litem reinstated, and order appointing the guardian ad litem nunc pro tunc reversed, and plaintiff's motion to vacate all proceedings in the action and strike the cause from the calendar granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Samuel P. Tull, of Philadelphia, Pa. (David Leventritt, of New York City, of counsel), for appellant.

Edward A. Scott, of New York City, for respondent.

CLARKE, J. The matters on each appeal are so interwoven that it seems proper to discuss them in one opinion. This action was brought by the plaintiff for an absolute divorce upon the ground of adultery. Issues were framed and were sent to the Trial Term for trial before a jury. The jury answered all questions submitted to it in favor of the defendant. The defendant subsequently moved at Special Term, Part 3, for judgment dismissing the complaint upon the ground that, the jury having answered all questions submitted in his favor, nothing more remained to be done. Plaintiff appeared by counsel upon that motion, and moved, upon affidavits setting forth that she was an infant over 14 years of age and that no guardian ad litem had been appointed for her, to vacate all proceedings in the action and to strike the cause from the calendar. The court thereupon made an order providing:

"That a guardian ad litem for the infant plaintiff will be appointed nunc pro tunc, and that the plaintiff may present a petition for the appointment of such guardian within 10 days from the service of this order, with notice of entry thereof, and that in default thereof the court will appoint some suitable person as such guardian ad litem. It is further ordered that this cause stand adjourned for 30 days after the service of an order, with notice of entry, appointing said guardian ad litem, to enable him to familiarize himself with the proceedings already had in the action, and to make such application to the court as he may be advised."

This was the order of Mr. Justice Page of April 7, 1914, as resettled by the order of May 2, 1914. Thereafter the plaintiff presented her petition to Special Term, Part 2, Mr. Justice Blanchard presiding, reciting her age, her parentage, her marriage to the defendant, the institution of this suit, and that at the time of the service of the summons and complaint herein she was an infant under the age of 21 years, and no guardian ad litem had been appointed for her in said action, the proceedings, the trial, and result thereof, and the order of Mr. Justice Page, and proceeded:

"That your petitioner desires to have an appeal taken from said order of May 4, 1914, and from any order which may hereafter be entered appointing a guardian ad litem for your petitioner in accordance with the provisions of said order or otherwise, save the order appointing a guardian ad litem for your petitioner pursuant to this petition, and also desires to have an appeal taken from any judgment which may be entered in said action of Anderson v. Anderson, and to move to set aside, as she may be advised, the said order of May 4, 1914, and any order pursuant thereto appointing a guardian ad litem for your petitioner, and any judgment which may be entered in said action of Anderson v. Anderson, and to protect the rights of your petitioner hereafter in said action, as she may be advised, and as the guardian ad litem who may be appointed pursuant to this petition may deem proper, necessary, and for the best interest of your petitioner, to the end that the proceedings al-

ready had in said action may be declared null and void and be vacated and set aside. Your petitioner desires the appointment of a guardian ad litem for the purpose of setting aside the proceedings already had, and for the purpose of establishing their nullity, and does not desire said appointment to be made nunc pro tunc, or to take effect from any date previous to the date of this application."

She further set forth that her mother, Mollie Ebling, was willing to act as guardian ad litem, and that she was a responsible and competent person, and she asked that said mother be appointed said guardian for the purposes set forth. This petition was verified on May 29, 1914, and was accompanied by an affidavit and consent of her mother.

Upon said papers Mr. Justice Blanchard at Special Term, Part 2, on the 29th of May, 1914, made an order providing:

"That said Mollie Ebling be and she hereby is appointed guardian ad litem of Marguerite E. Anderson, the infant above named, solely for the purpose set forth in the annexed petition; and it is further ordered that said Mollie Ebling be and she hereby is authorized as such guardian, to take and institute such legal proceedings in the premises as she may deem proper, for the purpose of setting aside the proceedings already had in the action of Marguerite E. Anderson v. John A. Anderson, and for the purpose of establishing their nullity, including the prosecution of any appeals from any orders now entered, or any orders or judgments which may hereafter be entered, in said action, and including the making of any motions which may be deemed proper or necessary to set aside any order or orders, verdict, or judgment which now have or may hereafter be entered in said action."

On July 7, 1914, Mr. Justice Giegerich granted an order to show cause why the order of Mr. Justice Blanchard of May 29, 1914, appointing Mollie Ebling guardian ad litem for the infant plaintiff, should not be vacated and set aside. This was returnable before Mr. Justice Guy, who by an order of July 14, resettled by order of August 12, 1914, ordered that the said motion—

"be and the same hereby is granted, and that the order made by Mr. Justice Blanchard on May 29, 1914, wherein and whereby Mollie Ebling was appointed the guardian ad litem of the infant plaintiff in this action, be and the same hereby is in all respects vacated and set aside."

From this order plaintiff, by Mollie Ebling, as guardian, appeals.

On October 6, 1914, Mr. Justice Page made an order which, after reciting the proceedings here before set forth, provided that Enos S. Booth, Esq., be and he hereby is appointed the guardian ad litem of the plaintiff nunc pro tunc as of February 10, 1914, for the purposes of this action, and it is—

"further ordered that the case stand adjourned for 30 days after the service of the order appointing the guardian ad litem, with notice of entry, on Samuel P. Tull, plaintiff's attorney, to enable the guardian ad litem herewith appointed to familiarize himself with the proceedings already had in the action, and to make such application to the court as he may be advised, or to take an appeal to the Appellate Division from this order, if the said Samuel P. Tull, or the plaintiff, shall so desire."

Enos S. Booth, guardian ad litem, appeals from the order of Mr. Justice Page entered on October 6, 1914, appointing said appellant guardian ad litem for the infant plaintiff, and granting him leave to take an appeal to the Appellate Division from the said order, and from each and every part of said order, and gave notice that upon

the hearing of this appeal appellant will bring up for review the order made herein by Mr. Justice Page, dated May 2, 1914, and entered in the office of the clerk of the county of New York on May 4, 1914, and each and every part of said order.

[1] The Code of Civil Procedure provides as follows:

"Sec. 469. Before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be appointed, to appear as his guardian for the purpose of the action. * * *

"Sec. 470. The guardian must be appointed upon the application of the infant, if he is of the age of fourteen years, or upwards; or, if he is under the age, upon the application of his general or testamentary guardian, if he has one, or of a relative or friend. * * * *"

"Sec. 472. The court in which the action is brought, or a judge thereof, or if the action is brought in the supreme court, the county judge of the county where the action is triable, may appoint a guardian ad litem for an infant, either plaintiff or defendant, as prescribed in this article. * * * *"

"Sec. 721. In a court of record, where a verdict, report or decision has been rendered, the judgment shall not be stayed, nor shall any judgment of a court of record be impaired or affected by reason of either of the following imperfections, omissions, defects, matters, or things, in the process, pleadings or other proceedings: * * * 7. For the appearance, by attorney, of an infant party, if the verdict, report, or decision, or the judgment, is in his favor."

In Rima v. Rossie Iron Works, 120 N. Y. 433, 24 N. E. 940, the action was to recover damages for personal injuries, and the appeal was from a judgment of the General Term, affirming a judgment in favor of plaintiff, entered upon a verdict, and an order affirming two orders, one denying a motion for a new trial, and the other appointing a special guardian of the plaintiff. Upon the trial, upon cross-examination of the plaintiff, it appeared that he was an infant when the action was commenced. At the close of the evidence a motion was made for a nonsuit, among others, that the plaintiff, although under age, was prosecuting the action without a guardian ad litem, whereupon an application was made to the court for the appointment of a guardian nunc pro tunc. The application was granted, and before the case was submitted to the jury an order was entered in the minutes of the court, which, after reciting the substance of the affidavit upon which it was founded, appointed a guardian ad litem "for said infant plaintiff for the purposes of this action," and provided "that all pleadings herein be amended accordingly." It was further directed that the order "be and hereby is entered as of a date previous to the service of the summons herein." The defendant insists the court had no power to make said order, and that the motion to nonsuit should have been granted. The question is also raised by a direct appeal from the order as made. After citing the provisions of the Code of Civil Procedure and the corresponding sections of the Code of Procedure and the Revised Statutes, the court said:

"Thus it appears that for many years a statute, mandatory in form, has required the appointment of a guardian or next friend before process could be issued in the name of an infant plaintiff. The decisions, under these statutes, have held, almost without exception, that the omission to appoint a special representative of the infant was an irregularity only, and that it did not affect the jurisdiction of the court."

After citing a number of cases, the opinion proceeded:

"We think that it should now be regarded as settled that the failure to appoint a guardian ad litem for an infant plaintiff affects the regularity of procedure, but not the jurisdiction of the court. This seems to have been the theory of the Legislature in enacting title 1 of chapter 8 of the Code of Civil Procedure, entitled 'Mistakes, Omissions, Defects and Irregularities.' This article provides that, where a verdict has been rendered, the judgment shall not be stayed, impaired, or affected by reason of 'the appearance by attorney, of an infant party,' if the verdict or judgment is in his favor, and confers ample power upon courts of record to afford relief against irregularities of every nature, unless it should be contrary to the right and justice of the matter or should alter the issue between the parties. Code Civ. Proc. §§ 721, 725. The order complained of was therefore within the sound discretion of the court, and we think that under the circumstances the power conferred by the statute was discreetly exercised."

In Byrnes v. Byrnes, 109 App. Div. 535, 96 N. Y. Supp. 306, there was an appeal by the defendant from an order setting aside a judgment of separation theretofore entered in favor of the defendant. The answer set up a counterclaim, also demanding separation. Upon the report of the referee in favor of the defendant on the 13th of November, 1903, a final judgment of separation was entered. At the time the judgment was entered the plaintiff was under 21 years of age, and a guardian ad litem had not been appointed for her in the action. Upon this ground on April 14, 1905, by an order to show cause, she moved to vacate this judgment. The motion was granted, and the defendant appealed. Mr. Justice McLaughlin said for a unanimous court:

"The appellant contends that the failure to have a guardian ad litem appointed was, at most, an irregularity, and therefore, inasmuch as the respondent did not move within one year after she became 21 years of age, the judgment could not, under section 1282 of the Code of Civil Procedure, be set aside. I am of the opinion that it was more than an irregularity. It was an 'error in fact not arising upon the trial' (citing cases), and therefore, under sections 1283 and 1290 of the Code of Civil Procedure, a motion to vacate the judgment could be made at any time within two years from the date of its entry. * * * This being so, there was nothing for the court to do but grant the motion. The application is only to vacate the judgment, and therefore we do not decide the effect of vacating the judgment or the infancy of the plaintiff upon the other proceedings had in the action."

The point there left open must now be decided.

It is conceded in the case at bar that, if judgment against the plaintiff had been entered upon the findings of the jury adverse to her, such adverse judgment must have been set aside upon its having been made to appear to the court that she was an infant at the time of the commencement of the action and that no guardian ad litem had been appointed. But it is claimed that the court had power before judgment to appoint a guardian ad litem nunc pro tunc and thus cure the irregularity in the proceedings, and that the order of Mr. Justice Page so providing and staying further proceedings for 30 days to give the guardian ad litem appointed by him an opportunity to examine the proceedings was a proper exercise of judicial discretion.

The difficulty is that the proceedings already had inevitably lead to a judgment adverse to the infant plaintiff.

[2] The issue presented being that of adultery, there existed a constitutional right to a jury trial. The trial court had the same power over the verdict as in any other case triable by jury. But the Special Term to which the verdict was reported had no power to interfere therewith, but was bound thereby; and this verdict, having been adverse to the plaintiff, is not within the provisions of subdivision 7, § 721 of the Code of Civil Procedure. The trial before a jury having already been had, and a motion for a new trial having already been made and denied, it is not easy to perceive what advantage accrues to the plaintiff in the permission to her guardian ad litem for 30 days' examination of such proceeding. Nor is it an answer that she was a married woman and upwards of 20 years of age. The law treats her as an infant, incompetent to litigate, without the aid of a guardian ad litem, up to the very moment of her attaining her majority. As the court said in Greenburg v. N. Y. C. & H. R. R. Co., 210 N. Y. 505, 104 N. E. 931:

"The reason for this legislation is not far to seek. It grows out of the duty of the courts to protect those whom the law regards as incompetent to look after their own interests. Infants are the wards of the courts, and our rules of practice abound in provisions of ancient origin designed to safeguard their legal rights."

And again:

"Just because the infant is the party, he must be represented by a guardian, who chooses the attorney, and the latter has and should have no greater authority than the person who appoints him. * * * In such cases the attorney does represent the infant; but he represents him through the mediation of the guardian, from whom he directly receives his appointment and derives his authority."

Although in the particular case the infant may appear to have been represented by able counsel and to have proceeded through a long trial without disclosing the fact of her disability, and now endeavors to get rid of an adverse verdict, upon issue of her own tendering, by taking advantage of what at first sight appears to be a mere technicality, yet this court is not willing to break down the protection which the law has wisely thrown around the wards of the court.

[3] We think that the application made at Special Term, Part 2, for the appointment of a guardian ad litem upon the application of the infant plaintiff, who was over the age of 14 years, was in strict compliance with the provisions of the Code of Civil Procedure governing the appointment of guardians ad litem, and the order made by Mr. Justice Blanchard, presiding at said part, appointing Mollie Ebling, was proper. The order of Mr. Justice Guy, vacating said order, should be reversed, and the order of Mr. Justice Blanchard reinstated, with $10 costs and disbursements on this appeal. The order of Mr. Justice Page appointing Enos S. Booth as guardian ad litem nunc pro tunc was erroneous, and should be reversed, with $10 costs and disbursements; and the motion to vacate all proceedings in the action and strike the cause from the calendar should be granted. All concur.