Pendleton, J.
This is a motion to set aside a verdict in favor of plaintiff. It appeared at the trial that the defendant is an infant. No motion was then made for the appointment of a guardian ad litem. After *243 verdict defendant moved to set aside the verdict on the ground defendant is an infant and no guardian had been appointed. Plaintiff now moves for the appointment of a guardian before entry of judgment. In Anderson v. Anderson, 164 App. Div. 812, it was held that after a special verdict adverse to the infant before judgment a guardian ad litem could not be appointed for the purpose of entering judgment, but the verdict must be set aside and the case stricken from the calendar. In Seiden v. Reimer, decided by the Appellate Division at January last term, a judgment against an infant was reversed because a guardian ad litem had not been appointed. In the opinion it is stated that the guardian might have been appointed at the end of the case before verdict. Anderson v. Anderson, supra, was cited with approval, and it is quite clear that case was approved. The rule seems to be that a guardian may be appointed at any time before verdict (Rima v. Rossie Iron Works, 120 N. Y. 433), but after a verdict adverse to the infant a guardian nunc pro tunc cannot be appointed, and the verdict and any judgment entered thereon must be set aside. The verdict being adverse to the infant, the defect is not one of those cured under section 721 of the Code. No motion to appoint a guardian was made here at the end of the case, and the verdict, being against the infant, must be set aside. Motion to appoint a guardian denied and verdict set aside. An application for the appointment of a guardian may be made in the regular way under section 471 of the Code.
Ordered accordingly.