Martin B. Stecher, J.
This is a motion to dismiss a personal injuries cause of action, it being alleged that the named party plaintiff is an improper party and for an order dismissing the second cause of action for loss of services and medical expense. The action is brought on behalf of an infant under the age of 14 years by "his grandmother and natural guardian” who also brings the derivative cause of action for medical expense and loss of services.
The statute in question (CPLR 1201) presently provides, "[u]nless° the court appoints a guardian ad litem, an infant shall appear * * * by a parent having legal custody, or, if there is no such parent, by another person or agency having legal custody”. It is alleged and undenied that the infant has parents who reside in Puerto Rico and that the infant plaintiff has continuously resided here in New York City with his grandmother who is described in the title of the action as the infant plaintiff’s "natural guardian”.
The disposition of this controversy turns on the interpretation of the phrase in the statute, "having legal custody”. No case has been called to my attention by either side which defines that phrase, nor has independent research disclosed any other interpretation of that language in the context used (cf. CPLR 1207). It would be useful, however, to examine CPLR 1201 as originally written in order to determine the legislative intent. Prior to 1962, every infant litigant required a guardian ad litem (Civ Prac Act, § 202). When the CPLR was adopted, CPLR 1201 provided that "unless the court appoints a guardian ad litem, an infant shall appear by * * * a parent or, if the parents are separated, by the parent or other relative having legal custody”. It would appear then that "having legal custody” was intended to designate a person whose custody was formally determined by judicial decree. Allowing a parent or guardian to appear without the appointment of a guardian ad litem was intended to eliminate an unnecessary application to the court. Where, however, the *1039 right to custody exists neither by parenthood nor by decree, the appointment of a guardian ad litem is necessary. This is true and should be true if for no reason other than the protection of an infant’s adversary (Anderson v Anderson, 164 App Div 812).
It appears, therefore, that the defendant’s point is well taken that the grandmother’s long standing but informal custody is not that of a person "having legal custody” within the meaning of the statute. The result, however, need not be as severe as the defendant requests. The action need not be dismissed (Rima v Rossie Iron Works, 120 NY 433; see 2 Weinstein-Korn-Miller, NY Civ Prac, par 1201.06). The action will be stayed pending the substitution of a guardian ad litem.
No application has been made for the appointment of a guardian ad litem. In accordance with statute (CPLR 1202, subd [a]), I shall designate a guardian ad litem. My inclination would be to appoint the grandmother; but, as counsel has been unable to assure me that Mrs. Colberg can properly make the affidavit called for by CPLR 1202 (subd [c]), I designate Mark B. Wiesen, Esq., the attorney of record for the infant plaintiff as guardian ad litem upon his qualification in accordance with the provisions of CPLR 1202 (subd [c]).
The derivative cause of action for loss of services must fall, at least to the extent that it seeks compensation other than for those sums of money or obligations which Mrs. Colberg necessarily was required to spend or incur for the cure of the infant. Mrs. Colberg is no mere volunteer. She is the grandmother of the infant and has his actual, if not "legal”, care and custody and if she has incurred obligations which are properly those of the defendant, she is entitled to indemnification.