OPINION OF THE COURT
Stanley B. Katz, J.
This is a motion by petitioner for an order substituting the attorneys for the infant plaintiff. Petitioner, Martha Meyers, is the natural mother of the infant John Meyers, Jr. Mary Meyers is the grandmother and court-appointed guardian of the infant.
On July 19, 1987 the infant, John Meyers, Jr., was involved in a car accident which resulted in the death of his father and stepmother. John Meyers, Jr., had been in the sole custody of his natural father for many years prior to the accident. After the accident, the infant lived with and was cared for by his grandmother. On September 23, 1987, the boy’s grandmother *266 was appointed the legal guardian of the infant pursuant to a Family Court order.
After the accident, the boy’s grandmother and petitioner signed a retainer statement retaining Lawrence Levine as the attorney for the infant. The petitioner now seeks to substitute Karp & Silver, Esqs., as attorneys for the infant stating that as the natural mother of the child she has the exclusive right to determine the attorney.
CPLR 1201 provides, inter alia, that: "Unless the court appoints a guardian ad litem, an infant shall appear by the guardian of his property or, if there is no such guardian, by a parent having legal custody”.
A guardian ad litem has not been appointed. Therefore, the infant shall appear by the guardian of his property. In the case at bar, the boy’s grandmother, Mary Meyers, is the court-appointed guardian of John Meyers, Jr. A parent can only appear for an infant if there is no guardian and if the parent has legal custody. The petitioner herein is neither the legal guardian nor does she have legal custody of the infant (see, Villafane v Banner, 87 Misc 2d 1037 [1976]).
Accordingly, the motion is denied.