OPINION OF THE COURT
Louis C. Benza, J.
Motion by defendant for an order dismissing this action on the ground that claimant does not have legal capacity to sue.
Claimant Miguel Otero is incarcerated within the State prison system and currently resides at Auburn Correctional *36 Facility. He was incarcerated in Great Meadow Correctional Facility on October 13, 1989, when his daughter suffered the injuries giving rise to this claim.
The claim arises from an injury suffered by his then four-year-old daughter, Jessica, when a door to the women’s restroom in Great Meadow’s visiting area closed on her finger. The claim alleges that the pressure mechanism of this particular door was not working properly, that it had not worked properly for at least two weeks prior to October 13, 1989, and that there had been similar injuries during that time.
Defendant moves to dismiss the action on the ground that Miguel Otero does not have legal standing to bring this action on his daughter’s behalf. Pursuant to CPLR 1201, an action may be brought on behalf of an infant by "a parent having legal custody” of the child. There is very little discussion of the term "legal custody” as used in this context. It apparently incorporates both physical custody and, where someone other than a parent has physical custody, a judicial decree awarding custody to that person (Villafane v Banner, 87 Misc 2d 1037, 1039). Because he is incarcerated, Jessica’s father cannot have physical custody of her and thus does not have legal custody for the purposes of CPLR 1201.
In any event, it is difficult to believe that the infant’s interest in having the case properly prepared and prosecuted can be carried out by a parent who is presently incarcerated in a State penal institution. Mr. Otero’s inability to perform this function is buttressed by the fact that no answering papers to this motion have been submitted by him to refute the arguments made by defendant for dismissal.
Although the court has the power to stay the action in lieu of dismissal and appoint a guardian ad litem, it is the court’s belief that such an action would be inappropriate; the action is being prosecuted "pro se” and the court has no information concerning other suitable persons that may act on behalf of the infant. In any event, staying the action under present conditions may cast this action into "limbo” with subsequent dire results for what appears to be a meritorious action. Dismissal hopefully will bring immediate remedial action by Jessica’s parents.
Consequently, defendant’s motion is granted, unless, within 60 days of the date this decision is issued, a motion is made to *37 substitute as plaintiff the person who has legal custody of Jessica. The court notes that, in the event this action is dismissed, Jessica herself will have the right to institute an action on her own behalf when she reaches the age of 18.