## SUPREME COURT.

Jefferson New, appellant, agt. Samuel Aland, respondent.

*Appeal — An order of county court granting motion to amend answer appealable — Order permitting defendant to serve amended answer setting up such defenses as he shall be advised, &c., is erroneous — Code of Civil Procedure, section 723.*

An order of the county court granting a motion to amend an answer under section 723 of the Code of Civil Procedure, affects "a substantial right," and is appealable (*See Bowen* agt. *Widner,* 12 *W. Dig.,* 525).

Upon such an appeal the merits will be considered.

Where an order permitted a defendant to serve "an amended answer, setting up such defenses as he shall be advised," &c.:

*Held,* erroneous; that the defendant must be confined to his proposed amended answer.

*Fourth Department, General Term, October,* 1881.

*Present —* Smith, *P. J.,* Hardin *and* Dwight, *JJ.*

Action upon a note of $392.70. Appeal from an order of the Oneida county court, which by its terms permitted the defendant to serve "an amended answer setting up such defenses as he shall be advised within twenty days upon the payment to plaintiff of the sum of fifteen dollars costs."

The motion of defendant in the county court was based upon a proposed amended answer containing the defenses of payment, breach of contract and four counter-claims of $1,000 each.

*Oswald Prentiss Backus,* for appellant, argued that the Code of Civil Procedure, section 723, authorized the court to grant the motion only "in furtherance of justice." That the order affected a substantial right and was appealable (*Gowdy* agt. *Poullain,* 2 *Hun,* 220 ; 53 *N. Y.,* 630 ; 47 *How.,* 354 ; 59 *N. Y.,* 313 ; *Sheldon* agt. *Adams,* 41 *Barb.,* 54).

*Second.* That the court did not possess the power to grant

an order permitting a defendant to serve "an amended answer setting up such defenses as he shall be advised," &c.

*Third.* That the court will not grant an amendment where the amended pleading cannot be sustained (2 *Till & Shearman's Pr.*, 1044).

*Fourth.* That the first defense contained in the proposed amended answer for breach of contract is insufficient in law, as defendant had received the property and there was no allegation that it was worthless, or that defendant had offered to return it, or that he had suffered any damage (*Hopkins* agt. *Lane*, 2 *Hun*, 38; *M? Cormick* agt. *Surson*, 38 *How.*, 190; *Eldridge* agt. *Mather*, 2 *N. Y.*, 157).

*Fifth.* Three counter-claims or causes of action are pleaded in one court. They should have been separately stated and numbered (*Code of Civ. Pro.*, sec. 507; *Bass* agt. *Comstock*, 38 *N. Y.*, 21).

*Sixth.* The court will consider the merits of the proposed amended answer (*Morel* agt. *Garelly*, 16 *Abb.*, 269; *Giles* agt. *Austin*, 38 *N. Y. Sup. Ct.*, 249; *Smith* agt. *Bodine*, 74 *N. Y.*, 35; 3 *T. & C.*, 756).

*Johnson & Prescott*, for respondent, contended :

*First.* That the court will not review the discretion of the county court (*Gould* agt. *Rumsey*, 21 *How.*, 97; *McQueen* agt. *Babcock*, 13 *Abb.*, 268; *Saltus* agt. *Genin*, 19 *How.*, 233; *St. John* agt. *West*, 3 *Code R.*, 85; *Ford* agt. *David*, 1 *Bosw.*, 570; *Travis* agt. *Borger*, 24 *Barb.*, 614; 12 *id.*, 215; 4 *Duer*, 362; 6 *Bosw.*, 66; *id.*, 154; 6 *Barb.*, 308; 14 *How.*, 33; 35 *Barb.*, 298; 50 *id.*, 95; 38 *N. Y.*, 206).

*Second.* The proposed amendment being proper, the court was not confined thereto, but had power to grant a general order for that purpose.

THE COURT.—*Held, First.* That the order is appealable and the merits will be reviewed.

*Second.* That the order granted was erroneous and should

be modified so that the only right which the defendant shall have thereunder, shall be the right to serve the proposed amended answer set out in the appeal book, and as so modified, affirmed, with ten dollars costs and disbursements, to be paid by the respondent.