ANNA K. GILMAN et al., Respondents, *v.* WINTHROP W. GILMAN, Appellant.

The will of G. gave to his wife, so long as she remained his widow, "for her own use and occupation, and none other," one-third of his "mansion-house." The other two-thirds the will declared were to be for the use of such of the testator's children by his said wife as might choose to occupy the same. In case none of them so chose, the wife was to have the use of the whole. The provisions made in the will for the wife were declared to be in lieu of dower. His residuary estate the testator gave to his children. Upon the death of the testator the widow waived the provisions for her in the will and claimed dower, and provision was made for her by a court of competent jurisdiction. Defendant, a son of G. by a former wife, took possession of three rooms in the mansion; another heir occupied a fourth and the remainder was unoccupied. In an action of ejectment, brought by the children of the testator by his second wife, it appeared that they made a formal demand of defendant for possession of the whole house, and required him to move out at once. He offered to leave as soon as he could find another place, and expressed a willingness for them to move in without delay, and it did not appear that at any time he denied plaintiffs' right to any part of the premises; about two months after the demand he did move out. The court charged the jury that the plaintiffs were entitled to recover possession of two-thirds of the premises, with damages. *Held,* error; that the portion the widow refused became part of the residue and vested under the will in his heirs, and, among them, the defendant, and so the parties were tenants in common; that plaintiffs failed to prove that they had been actually ousted, or that there had been any denial of their rights as co-tenants, in the absence of which proof they were not entitled to recover. (Code of Civ. Pro. § 1515.)

Defendant's answer was a general denial. *Held,* that this was substantially a denial that defendant was guilty of unlawfully withholding the premises as alleged in the complaint, and under it defendant was entitled to prove any matter which would defeat the action, and the burden was upon plaintiffs of showing a right to the possession of the premises as against defendant at the time of the commencement of the action.

The court charged that plaintiffs were entitled to recover, as damages, the value of the use of two-thirds of the premises from the time of demand up to the trial. *Held,* error; that they were only entitled to recover, if at all, damages up to the time of the surrender of the premises.

(Argued October 10, 1888; decided November 27, 1888.)

SICKELS — VOL. LXVI.     34

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 31, 1886, which affirmed a judgment in favor of the plaintiff, entered upon a verdic* and affirmed an order denying a motion for a new trial.

This was an action of ejectment.

The plaintiffs stated in their complaint that, on the 8th day of February, 1865, they were possessed of two undivided third parts of the mansion-house and lot of Nathaniel Gilman, deceased, known as 171 Clinton street, in the city of Brooklyn, having the right to use and occupy the same for their respective lives, subject to the right of Theophilus Gilman and Frazer Gilman to also use and occupy the premises with them, whenever they should elect to do so; and being so possessed, the defendant, on the 9th of February, 1865, entered into the premises and withholds from the plaintiffs the possession thereof, to their damage $100. They demanded judgment for the possession of the undivided two-thirds of the mansion-house and lot, with their damages for the detention. The defendant's answer was a general denial of the allegations of the complaint.

The plaintiffs proved that Nathaniel Gilman died in December, 1859, seized of the entire premises, leaving a widow, Joanna Gilman, and four children by her, as named in the complaint, and a will and codicil, which were admitted to probate in the city of New York, May 24, 1861, and in the state of Maine, in June, 1861. They were put in evidence by the plaintiffs. It appeared that the defendant was the eldest son of Nathaniel Gilman by a former wife, and both parties claim under the provisions of the will and codicil; the plaintiffs, under section 1 of the codicil, which is in these words: "To my wife Joanna, so long as she remains my widow, for her own use and occupation, and none other, I give one-third part of my mansion-house and lot in Clinton street, in the city of Brooklyn and state of New York. The remaining two-thirds are to be for the use of such of my children, by her, as may choose to occupy the same; those who may thus occupy being required to pay the

taxes and assessments thereon, and to keep the premises in repair; but so long as none of my children may wish to occupy, my wife is to have the use of said two-thirds, as well as of the said one-third of the premises." The defendant claims under a clause by which the testator gave to his children, and, among others, the defendant, the rest and residue of his property and estate. The testator declared that the provisions made in the will and codicil for his wife Joanna were intended to be in lieu of dower.

The defendants offered in evidence (1) a paper dated June 11, 1861, and duly authenticated, by which the widow of the testator waived "the provisions made for her in the last will and testament of her husband," and declared that she "claims dower in the real and her rights in the personal estate of deceased according to law;" and (2) proposed to show that upon her application provision had been made for her in lieu of the provisions of the will, by the Court of Probate in the state of Maine, where the testator resided at the time of his death and where he left real estate and personal property. The offer was rejected as not pertinent to the issue, and to the ruling of the court the defendant's counsel excepted. It appeared that, in 1864, the defendant took possession of three rooms in the house in question, another heir of Nathaniel Gilman already occupying a fourth room, leaving the rest of the house unoccupied. In the month of February, 1865, the plaintiffs made a formal demand of the defendant for the possession of the whole house, and required him to move out at once. He offered to leave as soon as he could find another place, but expressed a willingness that they should move in without delay. The upper part of the house was vacant, and all he claimed was a right to occupy a portion of the house then in use. No testimony was given tending to show a demand for less than the whole, and it was in evidence, on the part of the defendant, that he "at no time denied the plaintiffs' right to any part of the premises." In the following April he did, in fact, move out, and has since had nothing to do with them. At the close of the testimony the defendant's counsel

asked to go to the jury as to the demand made by the plaintiffs, claiming that if it was for the whole of the premises it was not sufficient, but the court refused. He also "asked the court to charge the jury, as a matter of law, that plaintiffs could not recover more than $100, that being the amount claimed in the complaint. The court ruled that plaintiffs were entitled to recover damages from the time this demand was made down to the then present time.

The court thereupon charged the jury as follows: "The plaintiffs are entitled to your verdict, and to recover possession of two-thirds of the house and lot, the premises described in the complaint, and the only question for you to consider is the amount of damages;" and, as to those damages, directed them to determine, from the evidence, what the fair rental value of the premises was, "and, having ascertained it, give the plaintiffs a verdict for two-thirds of that amount from December, 1864, the time the demand was made, to the then present time." To each ruling and direction the defendant's counsel excepted. The jury rendered a verdict for the plaintiffs, in accordance with the charge of the court, and assessed the damages at $1,700.

*Henry C. Knox* for appellant. Before assignment of dower the widow has no estate, but a mere right in action or claim, which cannot be sold upon execution. (*Moore* v. *Mayor, etc.*, 4 Seld. 113; 2 Comst. 254; Cruise's Dig., title, Dower, chap. 3, § 1, note; *Gooch* v. *Atkin*, 14 Mass. 378; *Kaine* v. *Fisher*, 2 Seld. 598; *Sigler* v. *Van Riper*, 10 Wend. 420; Co. on Litt. 37 b.) The court erred in charging the jury that the plaintiffs were entitled to their verdict, and to recover possession of two-thirds of the house and lot in question, and the only question for them to consider was the amount of damages. (*Sigler* v. *Van Riper*, 10 Wend. 419; 2 R. S. 306, 307, § 27.)

*Raphael J. Moses, Jr.*, for respondents. The children who derived their title directly from the testator, as to their two-thirds, were unaffected by the action of the widow as to her

one-third. (*Clapp* v. *Brounque*, 9 Cow. 530.) The demand for judgment, "damages for the detention," was ample to justify the proof, actual damages from the time of demand to date of trial. (*Knapp* v. *Roche*, 62 N. Y. 614.)

DANFORTH, J. We think the appeal should prevail. The evidence in the case and that offered by the defendant was sufficient to show that the original parties to this action were tenants in common of the premises in question. The plaintiffs failed to prove that they had been actually ousted by the defendant, or that there had been, either by word or act on his part, a total denial of their right as such co-tenants. In the absence of such proof they were not entitled to recover. Upon that point the statute is peremptory. (*Sigler* v. *Van Riper*, 10 Wend. 419 ; 2 R. S. part 3, chap. 5, p. 306, § 27 ; Code Civ. Pro, § 1515.) It would. no doubt, have been sufficient if, upon demand made by the plaintiffs, the defendant had denied their title, saying he claimed the whole, and so claiming had continued in possession. But in this case he did neither. The plaintiffs' right was conceded. And unless excluded by the terms of the will, the defendant also, as one of the heirs of Nathaniel Gilman, was entitled to some share under its residuary clause. He was so excluded if the provisions of the will in favor of the widow, and above cited, were effective, otherwise not. She had her election, and the evidence offered would, if received, have tended to show that she not only executed a formal relinquishment of the provisions made by the will, and elected to take her dower, but that provision was made for her by a court of competent jurisdiction in accordance with her demand. No answer to that evidence appears from the record, nor is any suggested by the learned counsel for the respondents. The portion she refused would, under such circumstances, become part of the residue and vest, pursuant to the will of the testator, in his heirs, among whom is the defendant, subject, indeed, to the widow's right of dower, if any there were. But if any, it was a mere right of action, of itself giving no estate. The

evidence offered, to show waiver of the provisions of the will, should therefore have been received.

The learned counsel for the respondents refers to the pleadings as sustaining, by the defendant's denial, the plaintiffs' claim. No such force can be given to it. If a cause of action existed, it must have accrued before suit brought, and the substance of the answer is, as that of the general issue under the former practice was, that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiffs as alleged in the complaint. It in no wise, therefore, precluded the defendant from giving in evidence any matter which would defeat the action of the plaintiffs, nor did it relieve the plaintiffs from the necessity of showing a right to the possession of the premises as against the defendant at the time of the commencement of the action. An exception was also taken to the ruling of the trial judge upon the question of damages. The plaintiffs were entitled to recover, if at all, damages for the withholding of possession, but not beyond the time of the surrender of the premises.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.