CLARENCE F. HILL and Others, Respondents, *v.* THE BOARD OF WATER AND SEWER COMMISSIONERS OF THE VILLAGE OF WATKINS, Appellant.

*Guardian ad litem appointed pending the action to replace one improperly appointed — use of an unproved map in opening the case — in an action of trespass possession is sufficient — proof of title under a general denial.*

In an action brought by one Hill as guardian *ad litem* of certain infants, the complaint alleged and the answer denied that the plaintiff had been duly appointed the guardian *ad litem* of such infants. Upon the trial it appeared that Hill had not been duly appointed such guardian *ad litem*, and thereupon, upon the application of the counsel for the plaintiffs, the original petition being before the court, and it appearing that one Russell was a respon-

sible and proper person, and had filed a written consent duly executed, the court, over the defendant's objections, made an order appointing Russell guardian _ad litem_, and substituting him in the place of Hill, which order directed that the pleadings be amended in conformity with such appointment. _Held_, that such proceeding was authorized.

It is a matter resting in the discretion of the trial court to allow or to refuse to allow the attorney for the defendant, upon the trial of an action, in opening his case, to explain the facts of the case from a map which has not been then proved or put in evidence.

In an action of trespass on real estate the general rule is that possession thereof by the plaintiff is sufficient to maintain the action against the wrongdoer, and that a general denial contained in the answer is not sufficient to put the plaintiff's title in issue.

APPEAL by the defendant, The Board of Water and Sewer Commissioners of the Village of Watkins, from a judgment of the County Court of Schuyler county in favor of the plaintiffs, entered in the office of the clerk of the county of Schuyler on the 21st day of April, 1893, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of April, 1893, denying the defendant's motion for a new trial made upon the minutes.

_C. M. Woodward_ and _O. P. Hurd_, for the appellant.

_Irving W. Cole_, for the respondents.

MERWIN, J.:

This action is brought to recover damages for the diversion of a stream of water. In the complaint it is alleged that the plaintiffs are, and were at the time of the alleged diversion, the owners, and in possession of certain real estate in the village of Watkins, consisting of a house and twelve lots of the value of $10,000; that about 1,243 feet to the westward of plaintiffs' premises a natural stream of water arises from several springs of water on the lands of one Beach, and, prior to its diversion by defendant, flowed from thence in an easterly direction in a clearly defined natural channel down across the plaintiffs' premises, and thence into Seneca lake; that this stream had always been a living and perpetual stream of water, and had always run down such natural channel, about 300 feet of which was across the plaintiffs' premises; that in the years 1890 and 1891 the defendant constructed a system of water works, and built reservoirs, and in obtaining water to fill the same, it did, without the authority

of plaintiffs, and without right so to do, wrongfully appropriate and divert the said stream of water at a point where it is fed and supplied by the said springs, and appropriated the waters of said springs and stream to its own use, and that the plaintiffs are thereby deprived of the use and benefit of the same to their great damage. The answer contained, among other things, a general denial, and an allegation that the defendant had a right to take the water in controversy under a deed from Beach dated December 3, 1890. The verdict represents the diminution in the rental value of plaintiffs' premses by reason of such diversion from the time of the diversion in June, 1891, to the time of the commencement of the action in April, 1892.

(1) Evidence was given on the part of the plaintiffs tending to prove the allegations of the complaint, and the motion for a nonsuit was, we think, properly denied. It was a question of fact whether the defendant appropriated springs from which there flowed a watercourse, as claimed by the plaintiffs.

(2) At the time of the commencement of this action the plaintiffs were infants, and the action was in form by George G. Hill, their guardian *ad litem*. In the complaint it was alleged that George G. Hill had been duly appointed such guardian, and this was denied by the answer. Upon the trial it appeared that he had not been duly appointed. Thereupon, upon the application of the counsel for the plaintiffs, the original petition being before the court, and it appearing that Emmett B. Russell was a responsible and proper person, and had filed a written consent duly executed, the court made an order appointing Mr. Russell guardian, and substituting him in the place of Mr. Hill, and directed that the pleadings be amended in conformity with the appointment. The defendant objected that the appointment at that time was not proper. It was, we think, authorized by the rule laid down in *Rima* v. *R. I. Works* (120 N. Y. 433). The order itself as entered is not appealed from.

(3) The counsel for the defendant, in opening the defendant's case, asked to be allowed to explain the facts of the case from a map which had not then been proved or put in evidence. The plaintiffs' counsel objected, and the court sustained the objection, and defendant excepted. This was a matter in the discretion of the court, and no circumstances are apparent indicating an abuse of

such discretion. The case of _Battishill_ v. _Humphreys_ (64 Mich. 494) is cited to sustain the exception. In that case a new trial was granted. In an opinion by one of the justices several grounds for reversal are stated, and, among others, it is stated that the counsel for the defendant should have been allowed in the opening to use a diagram of the premises. The other justices concurred in the result. It does not appear that they placed any reliance on the point as to the diagram.

(4) The defendant at the close of its case offered in evidence a deed from George G. Freer to John Magee, dated September 1, 1862, and recorded December 11, 1862, and in connection with this offered to show that Freer was the original owner of the Beach farm on which the springs in question are situated, and also of the premises now owned by the plaintiffs, and that before he conveyed to the parties who conveyed to plaintiffs he gave the deed to Magee. This evidence was offered with a view of showing that the plaintiffs had no right in the stream, the defendant claiming that the deed to Magee operated to transfer to him all the water rights on the farm. To this evidence the plaintiffs objected that no such defense was set up in the answer, and upon that ground the court excluded it. It was also objected to as incompetent and improper, and the objection sustained. Exception was duly taken. Upon this matter there are two questions, one being whether under a general denial in a case like the present the defendant can show title in a third person, and the other being whether the evidence offered, assuming it to be admissible under the pleadings, amounted to a defense, or was material.

It has been held that in an action of ejectment the defense of want of title in plaintiff is admissible under a general denial. (_Benton_ v. _Hatch_, 122 N. Y. 322; _Gilman_ v. _Gilman_, 111 id. 265.) In _Wheeler_ v. _Lawson_ (103 id. 40) it was held that where, in an action of trespass for the unlawful taking and conversion of personal property, it appears that at the time of the taking complained of the plaintiff was in the actual possession thereof, it is no defense to show title in a third person. The defendant must connect himself in some way with the owner. A like view was taken in _Griffin_ v. _Long Island R. R. Co._ (101 N. Y. 354); _People_ v. _Hagadorn_ (104 id. 519, 520). So that in such a case the evidence of want of

title in plaintiff would not be available under a general denial. The general rule is that in an action of trespass on real estate in the possession of the plaintiff, the possession is sufficient to maintain the action against a wrongdoer (*Rood* v. *N. Y. & E. R. R. Co.*, 18 Barb. 84 ; 2 Greenl. Ev. § 618), and, therefore, a general denial does not put the title in issue. (*Squires* v. *Seward*, 16 How. 478.)     There is some force in the suggestion that in the present case the action is in substance for a trespass upon rights in plaintiffs' possession, and that a general denial by the wrongdoer does not put in issue the title.

Assuming, however, that the evidence was admissible under the pleadings, did it amount to a defense ? It was not claimed that defendant held under Magee. It, in fact, already appeared that defendant claimed under Beach by deed subsequent to that under which plaintiffs held. The terms of the deed to Magee are to be considered. By it Freer granted to Magee and to his heirs and assigns forever "the right and privilege of taking water from the farms of the said George G. Freer," describing them in general terms, "and gathering together and concentrating said water in one or two reservoirs, and from thence conducting the same through any lands of the said George G. Freer into the said village of Watkins, with a view of supplying such of the inhabitants of said village with water as may agree for the same with the said John Magee, his heirs or assigns, and for other purposes ; and the said John Magee shall have the privilege to enter upon said farms and premises to effectuate said purposes, and to make ditches and drains, underground or otherwise, for the purpose of collecting the water into a body ; and to dig, construct and finish reservoirs to receive and hold the same in such place or places as he may deem necessary, and at all times to enter upon said farms and premises, doing as little damage as may be, for the purpose of repairing and keeping the waterworks in order." It is not claimed that Magee or his assigns ever entered or asserted any rights under this deed. The grant was only of the right and privilege to take. The amount was indefinite. Whatever was not taken belonged to the owner of the farms to the same extent as before the grant. So, until the water was taken, it remained a part of the farms as before, and so far as it was a natural stream, the owners, or whoever was interested, were entitled to have it run as before. The

subsequent deed from Freer to the predecessors of plaintiffs gave them the right to have the stream run in its natural course, subject only to the exercise by Magee of his right and privilege.    Until that was exercised the plaintiffs' right to the use was perfect.    (Washburn on Easements [4th ed.], 306; *Nevada County & S. Canal Co.* v. *Kidd*, 37 Cal. 282, 311, 319.)   It would, therefore, follow that, in the absence of any claim that Magee or any one under him had ever entered under his deed or made any claim to the water, the deed itself did not show a want of right in plaintiffs to have the water continue in its natural course.   Upon this ground the deed was not material, and was properly excluded.

(5) Our attention is called to some other exceptions to rulings upon evidence, but we find in them no sufficient basis for reversal.   The defendant also claims error in the refusal to charge several requests. The court, in its charge, very distinctly placed the right of the plaintiffs to recover upon the question whether, at the point where the defendant made its excavations, there was then a spring or springs from which there was a watercourse extending to and across the plaintiffs' lands.   This was the vital question in the case.   (*Bloodgood* v. *Ayers*, 37 Hun, 359; *Colrick* v. *Swinburne*, 105 N. Y. 503.) The charge covered the substance of most of the requests and contained all that was material for the fair disposition of the case.   We are not persuaded that the court in its refusals to charge requests committed any error that calls for the intervention of the appellate court.

The foregoing considerations lead to an affirmance.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.