189, the court, per Lacombe, J., reached the same conclusions we entertain on some of the questions discussed.

The damages awarded by the jury we do not believe to be excessive, nor is the appeal from the order resettling the case meritorious. The judgments and orders refusing new trials should be affirmed, and the appeal from the order resettling the case should be dismissed.

Judgments and orders affirmed, with costs. All concur.

---

(99 App. Div. 56)

### CALLAHAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. INFANTS—INCOMPETENTS—RIGHT TO SUE—SUBSTITUTION OF COMMITTEE FOR GUARDIAN AD LITEM.

Under Code Civ. Proc. §§ 468, 469, declaring that an action by an infant shall not be deferred on account of his infancy, and providing for the appointment of guardians ad litem, and section 2340, providing that a committee of an incompetent may maintain any action which the incompetent might otherwise have maintained, and, in connection with section 55, giving an incompetent power to sue in his own name at any time before he has been judicially declared incompetent, a committee appointed for an incompetent infant after the latter has commenced an action by guardian ad litem may properly be substituted as plaintiff.

2. SAME—SUBSTITUTION NUNC PRO TUNC.

Such an action was, however, properly commenced, and it is unnecessary to make the appointment of the committee nunc pro tunc as of the time of the commencement of the action, or to allow the substituted plaintiff to generally amend his complaint.

Appeal from Special Term.

Action by Charles F. Callahan, by James Callahan, his guardian ad litem, against the New York Central & Hudson River Railroad Company. From an order substituting as plaintiff James Callahan, as committee of Charles F. Callahan, an incompetent, and permitting an amendment of the complaint, defendant appeals. Modified.

On the 13th day of December, 1902, Charles F. Callahan, who was then about 15 years of age, was in the employ of the defendant. He fell into a pit in one of the defendant's roundhouses, and was injured. It is alleged that the injury was caused by the negligence of the defendant. On the 12th day of November, 1903, he was committed to the Hudson River State Hospital by an order of the Columbia county judge upon the certificate of two medical examiners in lunacy. On the 10th day of December, 1903, at Special Term, on the petition of said Charles F. Callahan, James Callahan, the father of said Charles F. Callahan, was appointed guardian ad litem of said Charles F. Callahan for the purposes of this action. This action was commenced in the name of Charles F. Callahan, an infant, by James Callahan, his guardian ad litem, on the 11th day of December, 1903. On the 31st day of March, 1904, the defendant served its amended answer, in which it alleged, among other things, that the plaintiff had no legal capacity to sue, for the reason that prior to the granting of the order appointing James Callahan a guardian ad litem, and prior to the commencement of the action, plaintiff was adjudged insane. On the 23d day of April, 1904, on the application of the superintendent of said hospital, the Special Term appointed said James Callahan committee of the person and estate of said Charles F. Callahan. On an affidavit setting forth said facts, a motion was made at Special Term for an order joining said James Callahan as committee of the person and estate of said

Charles F. Callahan, an incompetent person, with said James Callahan as guardian ad litem of said Charles F. Callahan, an infant, as parties plaintiff in the action, and for time thereafter to amend the plaintiff's pleading accordingly. The court granted an order "that for the purposes of this action the appointment of the said James Callahan as committee of the person and estate of. Charles F. Callahan, an incompetent person, be made nunc pro tunc as of the time of the commencement of this action; and it is further ordered that James Callahan, as committee of the person and estate of Charles F. Callahan, an incompetent person, be substituted as plaintiff in the above-entitled action, and that as thus amended the said action be continued and maintained in the name of said James Callahan, as committee of the person and estate of Charles F. Callahan, an incompetent person, plaintiff, and that said plaintiff may have twenty days' additional time from the 4th day of June, 1904, wherein to make and serve an amended complaint herein, or otherwise to proceed herein as he may be advised." From such order this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Robert Wilkinson, for appellant.
McClellan & Dardess (John C. Dardess, of counsel), for respondent.

CHASE, J. The courts are always ready to protect the persons and property of infants and persons of unsound mind. When a person is incapable of representing himself either as a plaintiff or defendant in an action or special proceeding by reason of his infancy, it has long been the practice to allow a next friend or guardian to represent such person in such action or proceeding, and the judgment or order obtained in an action or special proceeding so conducted is binding upon such infant. Notwithstanding the appointment of a next friend or guardian to represent such person, it remains the duty of the court to protect his interests. In this state it is expressly provided by statute that:

"Before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be appointed, to appear as his guardian for the purpose of the action, who shall be responsible for the costs thereof. * * *" Code Civ. Proc. § 469.

But the statute also expressly provides:

"Where an infant has a right of action, he is entitled to maintain an action thereon; and the same shall not be deferred or delayed, on account of his infancy." Code Civ. Proc. § 468.

Even under our statute the omission to appoint a guardian ad litem for an infant plaintiff before bringing an action is not a jurisdictional defect, but an irregularity that can be corrected by an appointment nunc pro tunc. Rima v. Rossie Ironworks, 120 N. Y. 433, 24 N. E. 940. It has been held that an action may be maintained in the name of an infant, although commenced without his knowledge or consent. Fulton v. Rosevelt, 1 Paige, 178, 19 Am. Dec. 409.

In Hill v. Water Commissioners of Watkins, 77 Hun, 491, 28 N. Y. Supp. 805, where it appeared upon the trial that the guardian ad litem, as named, had not been duly appointed, an application was made by the counsel for the plaintiff for the appointment of a guardian ad litem, and for his substitution in the place of the person who had commenced the action as guardian ad litem; and the application was granted, and an-

other person was appointed, and the pleadings were amended in conformity with such appointment. The court say that such order was authorized under the rule laid down in Rima v. Rossie Ironworks, supra.

If Charles F. Callahan was injured, as stated in the complaint, through the negligence of the defendant, the commencement of the action was clearly in his interest and for his benefit. It also appears from the record that, at the time the action was commenced, it was very desirable that there should not be any further delay in commencing the same.

When a person has been duly adjudged to be incompetent to care for his property, and a committee of his property has been duly appointed and qualified, such committee may maintain any action which the incompetent might have maintained if the appointment had not been made. The language of the statute relating thereto is as follows:

"A committee of the property, appointed as prescribed in this title [title 6, c. 17, Code Civ. Proc.], may maintain, in his own name, adding his official title, any action or special proceeding, which the person, with respect to whom he is appointed might have maintained, if the appointment had not been made." Code Civ. Proc. § 2340.

The insanity of a person does not necessarily delay the enforcement of his property rights or liabilities. A person mentally incapable adequately to protect his rights, although not judicially declared to be incompetent to manage his affairs, may be sued; but the court may, in its discretion, require that a copy of the summons be also delivered, in behalf of such defendant, to a person designated in the order. Code Civ. Proc. § 427.

Said section 2340 and also section 55 of the Code of Civil Procedure impliedly state that a person, at any time before he is judicially declared to be incompetent to manage his affairs, may maintain an action in his name. The right of a person, an alleged incompetent, but not one who has been judicially declared to be incompetent to manage his affairs, to maintain an action in his own name, is declared in Runberg v. Johnson, 11 Civ. Proc. R. 283; and in Williams v. Empire Woolen Co., 7 App. Div. 345, 39 N. Y. Supp. 941, the court affirmed an order striking out an answer as frivolous which alleged "that the plaintiff, James H. Williams, is now, was at the time this action was commenced, and had been for more than a year last past, of unsound mind, and totally and utterly incapable of understanding or transacting any business whatever, and is utterly incapable of maintaining this action, and was so at the time it was brought."

We are of the opinion that the action was properly commenced on behalf of the infant, and that, a committee of his property having since been appointed, the order substituting such committee as the party plaintiff in place of and on behalf of the infant, by his guardian, was right. We do not, from the record, find any reason for providing in the order that the appointment of the committee for the purposes of the action should be made nunc pro tunc as of the time of the commencement of this action, or for allowing the plaintiff generally to amend his complaint. An order permitting a defendant to amend a pleading as he shall be advised should seldom, if ever, be allowed. See New v. Aland, 62 How. Prac. 185.

The order appealed from should be modified by striking out that part thereof providing "that, for the purposes of this action, the appointment of the said James Callahan as committee of the person and estate of Charles F. Callahan, an incompetent person, be made nunc pro tunc as of the time of the commencement of this action. And it is further ordered"—and by adding to said order the words, "The amendment of the plaintiff's complaint under this order shall be restricted to adding provisions therein showing the appointment of the committee of the person and estate of Charles F. Callahan, and the granting of this order relating thereto," and, as so modified, affirmed, without costs to either party. All concur.