# Hardy *v*. Randall.

### *Ejectment.*

(Decided June 6, 1911.   55 South. 997.)

1. *Trial; Argument of Counsel; Maps and Exhibits.*—Whether or not counsel shall be permitted against objection to explain the facts in controversy by reference in argument to a drawing which has not been proven to be correct nor admitted in evidence, is within the discretion of the court.

2. *Appeal and Error; Review; Discretion.*—The discretion of the trial court in excluding drawings offered by counsel in argument without formal offer as evidence with the statement that it was not a map but merely an illustrated drawing based upon the evidence in the case, will not be disturbed except upon abuse shown.

3. *Same; Review; Grounds; Specifications.*—Where matter was admitted in evidence under the rulings of the trial court, and was not palpably inadmissible, its admission will not be reviewed where no specific objections were taken.

4. *Charge of Court; Undue Prominence.*—Where the burden of carrying some of the issues was upon the plaintiff in ejectment, a requested instruction that the burden was upon the defendant to prove his plea of adverse possession is properly refused, as the effect would be to improperly contract the issue to that one upon which it was predicated.

5. *Evidence; Hearsay.*—Where a witness testified as to occupancy of land, and then added by way of explanation that he was too young to remember that now, such explanation rendered his evidence hearsay.

6. *Same; Intent or Mental Attitude.*—A claim to land as relating to its possession is a fact and not a statement of mental attitude or undisclosed intention.

7. *Same; Best Evidence.*—Since the deed is the best of evidence of what it describes, testimony of a witness on the issue as to whether

[Hardy v. Randall.]

another had possession of certain land described in a certain deed is inadmissible.

8. *Witnesses, Examination; Cross.*—Where a question is not confusing or unintelligible, though somewhat lengthy, and has reference to what counsel supposed the witness had testied to in a certain particular, it is within the scope of a proper cross examination.

9. *Adverse Possessions; Instructions; Burden of Proof.*—The burden being upon the plaintiff to make out a prima facie right to recover, a charge asserting that the burden was upon the defendant to prove his plea of adverse possession, is properly refused as misleading, where it is a question for the jury as to whether the prima facie right to recover has been made out.

10. *Same; Claim or Color.*—A deed void for uncertainty or indefiniteness in description cannot operate as color of title; but a deed may serve as color of title although it does not so describe the land as from it alone the land may be identified, if the description can be made so.

11. *Ejectment; Evidence; Deeds.*—Where the action is ejectment and the defense adverse possession, and there is testimony tending to show a long possession of lands described by deeds offered, such deeds are properly received in evidence as color of title.

APPEAL from Shelby County Court.

Heard before Hon. W. W. WALLACE.

Common-law ejectment by F. H. Hardy against B. T. Randall. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following charges were refused to plaintiff: (1) "I charge you that the burden of proof is on the defendant to prove his plea of adverse possession, and that if the evidence is in equipoise—that is, equally divided— you must find for the plaintiff." (2) "I charge you that the burden is on the defendant to prove his plea of adverse possession."

The following constitute the fifth and sixth assignments of error: "State whether or not your father ever claimed this land as his own while he was in possession" (question propounded to defendant by his counsel), and his answer, "Yes." The following are the other assignments of error mentioned:

"(8) In overruling appellant's motion to exclude the statement of the witness W. H. Prestridge: 'I have never

[Hardy v. Randall.]

claimed possession of it at all, except getting my fence a few yards over the line, not knowing where the lines were.' (9) Same witness: 'I never claimed any of it anyway from George Randall.' (10) Question to same witness: 'Where did you claim to? (11) Answer: 'I claimed to where the line now is. I did not claim any of the 40 involved in this suit.' (12) Question to the same witness: 'How much did your father claim?' (13) Answer: 'Sixty acres.' (14) Question to same witness: 'Did you ever hear your father say how much he claimed?' (15) Answer: 'Yes.' (17) Question propounded by appellant to witness Bailey: 'I asked you a while ago to discard the map and base your answer on your own actual knowledge of the location of the land, where in your best judgment the Richardson house stood—on what 40; and did you not state in response to that question that it lay in the S. W. ¼ of the S. W. ¼ of section 24, and, after you did so, did you not see that that would put it in the 40 immediately west of the section you have just put it in, since looking at your private memorandum?" The deed referred to was the deed from Elizabeth Y. and George C. Randall to B. F. Randall and wife.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. Witnesses who have a pecuniary interest in the result of the suit are incompetent to prove transactions with, or statements by a deceased person whose estate is involved in the suit.—Code 1907, section 4007; *McDonald v. Harris,* 131 Ala. 359. A witness who shows by his own statement that he does not know a fact of his own knowledge can not testify that fact. Hearsay evidence is inadmissible.—Ency. of Evidence, pp. 443-4; *Buckley v. Cunningham,* 34 Ala. 69. Declarations not shown to have been made while the declarant was pointing out or mak-

[Hardy v. Randall.]

ing boundaries or performing some duty with reference thereto, is hearsay and inadmissible.—*Southern Iron Co. v. Cen. of Ga. Ry. Co.,* 131 Ala. 649. A declaration which is a mere recital of something past is not an exception to the rule that excludes hearsay evidence.—Authorities supra. The owner of the legal title can not testify to a past unexpressed mental condition, can not testify to what he claimed while in possession of land, cultivating and fencing it, against a privy in title.—Authorities supra. Possession of land is a fact to which a witness may testify.—*Steed v. Knowles,* 97 Ala. 578; *Eagle Co. v. Gibson,* 62 Ala. 372; *R. R. Co. v. Corpering,* 97 Ala. 687. Great latitude is allowed on cross examination, and while this is left largely to the discretion of the lower court, it will be revised, if there is a palpable abuse of this discretion.—*Stoudenmire v. Williamson,* 28 Ala. 558. A deed not purporting to convey the land sued for is not admissible to show adverse possession under color of title.—*Ledbetter v. Borland,* 128 Ala. 418; *Morring v. Tipton,* 126 Ala. 350. Counsel in an ejectment suit may use drawings in arguing the case to the jury, to explain or illustrate his theory of the meaning of the evidence, and to show the location of objects testified about.—7 Cyc. 293. A plea of adverse possession under color of title is an affirmative issue, and the burden is on the defendant who pleads it.—*Dothard v. Denson,* 72 Ala. 541.

BROWNE, LEEPER & LAPSLEY, for appelle. The witnesses Randall were not incompetent as the estate of their father was not interested adversely to the witnesses, and they could testify as to his declaration of ownership or claim while in possession.—*E. & P. Co. v. Gibson,* 84 Ala. 208; *Woods v. Montevallo C. Co.,* 84 Ala. 560; *Dorlan v. Westervitch,* 37 South. 382; *Henry v. Brown,* 143 Ala. 446. The fact that a person enters

under color of title does not dispense with the necessity for a claim of right. There must not only be color of title and actual possession of part of the land, but also a claim of title to the whole.—1 A. & E. Enc. of Law, 867. One may testify as to the existence and extent of his claim of title.—2 Cyc. 407, note 11; *Dorlan v. Westervitch, supra.* Counsel discuss the other assignments of error, but without further citation of authority.

McCLELLAN, J.—Common-law ejectment. The bill of exceptions contains this recital, which is the basis of an assignment of error: "The plaintiff rested his case. In opening his argument to the jury counsel for plaintiff handed about eight drawings, a copy of which is hereto attached marked 'Exhibit 5,' to the jury, without saying anything to the court or addressing counsel about it. When objection was made by adversary counsel, plaintiff's counsel stated to the court that it was a drawing based on the evidence of the case with which he desired to illustrate his argument, in the absence of a blackboard for that purpose. Counsel stated that it was not, nor did it purport to be a map; but that it was merely an objective illustration drawn from and based on the evidence in the case, which he desired to use in connection with his argument to the jury, in order to show the true location of the various houses and other things shown on the map introduced by defendant over the plaintiff's objection. Counsel for the defendant objected to the plaintiff using these drawings before the jury on the ground that it had not been identified as being a correct map of the land and appurtenances thereon. The court sustained the objection, and ordered that the jury return said drawings to plaintiff's counsel, and to this ruling of the court the plaintiff then and there reserved an exception."

[Hardy v. Randall.]

It is a matter of discretion of the trial court whether counsel will be permitted on objection to explain the facts in controversy by reference to a map or drawing that has not been proven to be correct or that has not been admitted in evidence; for abuse only will it be revised.—5 Encl. L. & P. pp. 310-356; *Rand v. Syms,* 162 Mass. 163, 38 N. E. 196; *Zube v. Weber,* 67 Mich. 52, 34 N. W. 264; *Hill v. Water Com'rs,* 77 Hun, 491, 28 N. Y. Supp. 805. No abuse of this discretion is shown in the instance under review.

Charge 1, refused to plaintiff, would have cast the result of the trial alone upon the failure of the defendant to carry the burden of his defense of adverse possession. Taking a view of the utmost (and perhaps on the evidence unjustifiable) favor to the plaintiff, there were other issues of fact the affirmative of which was on the plaintiff. The charge was hence well refused because its effect was to improperly contract the issues to the one only upon which it is predicated.

Charge 2, refused to plaintiff, would have, if given, tended to mislead the jury. Whether the burden of proof was upon the defendant to establish adverse possession depended upon the condition that plaintiff had made out a prima facie right to recover—a condition, upon this record, to be determined by the jury.

It is insisted in brief for appellant that the question propounded to B. T. Randall, and the answer thereto, set out in the fifth and sixth assignments of error, should have been disallowed and excluded on his objection and motion, because it invoked testimony affected with incompetency by Code, § 4007. The grounds of objection to the question, and those of the motion to exclude the answer, were general—not particularizing the ground argued in brief. In such cases the ruling of the court,

the matter not being palpably inadmissible, will not be reviewed.—6 May. Dig. pp. 371, 372.

The motion to exclude the statement of the witness L. H. Randall, viz., "I know that Sessions cultivated some of this 40," should have been sustained. Immediately after making the quoted statement the witness added, "But I was too young to remember that now." This explanation put the affirmative statement in the category of hearsay evidence, and the plaintiff's objection took the point. It was error to overrule the motion to exclude.

The assignments numbered 8 to 15, inclusive, are argued together in brief for appellant. They rest upon the action of the court in allowing the witnesses, over appellant's objections, to testify to the absence of claim of ownership of the land in controversy. The sole argument in brief for appellant is that such testimony improperly permitted the recital of a postentertained and unexpressed mental attitude. It was ruled in *Dorlan v. Westervitch,* 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35, in opposition to the argument now presented, that a claim to land, in relation to possession thereof, was a fact, and not a statement of mental attitude or undisclosed intention.

On the cross, appellant propounded this question to the witness Bailey: "Was W. H. Prestridge in possession of the land described in that deed?"—referring to deed of Hale to Prestridge. It was disallowed on objection of appellee. There was no error in this ruling. The only insistence to error in brief for appellant is that this ruling improperly limited the scope of appellant's right of cross-examination. The question was illegal in itself, and therefore not proper on examination at any stage, invited by preceding illegal examination in that particular. That was not the case here. The question could only invite in one phase the opinion of the witness,

OF ALABAMA.

whether Prestridge's possession was of the land described in the Hale deed. The deed was the best evidence of what it described, and of what land Prestridge was in the possession was a matter in issue and the subject of necessarily separable proof. Aside from this, the witness had not been shown to know what lands were described in the Hale deed.

The question propounded on the cross to the witness Z. R. Bailey, and set out in the seventeenth assignment, should not have been disallowed. While somewhat lengthy, due to its recitation of what counsel thought the witness had previously testified in the particular indicated by the question, there was nothing confusing in the question, nor was it unintelligble in any degree. It was obviously within the scope of a proper cross-examination. The court erred in sustaining defendant's objection thereto.

The deeds referred to in the assignments numbered 18 to 21, inclusive, described lands, on either side, north and south, of the railway, in that section. There was testimony tending to show possession for a great period under these instruments. They were offered and received in evidence as color of title only. There was no error in this. It is true that a deed the description in which is void for indefiniteness and uncertainty cannot operate as color of title.—*L. & N. R. R. Co. v. Boykin,* 76 Ala. 460; *Black v. T. C. I. & R. R. Co.,* 93 Ala. 109, 9 South. 537; 2 Ency. L. & P. pp. 523-525.

On the other hand, the instrument may serve as color of title notwithstanding it does not so describe the land claimed as that from it alone the land may be identified. The doctrine imported in the maxim, "Certum est quod certum reddi potest," is applicable to such instruments as it is to ordinary conveyances otherwise effectually executed.—*Black v. T. C. I. & R. R. Co., supra; Dorlan*

*v. Westervitch,* 140 Ala. 283, 295, 37 South. 382, 103 Am. St. Rep. 35; 2 Enc. L. & P. p. 525.

For the two errors indicated, the judgment is reversed and the cause is remanded. No other errors appear.

Reversed and remanded.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.