[No. 3774.]

## STRATTON v. MURRAY.

1. EJECTMENT—*Answer—General Denial,* admits defendant's possession.

2. —— *What Must Be Specially Pleaded.* Plaintiff deraigns title through a trustee's deed. Under the general denial, defendant may show that the sale therein recited was never held (Rev. Code, secs. 62, 287).

3. TRUST DEED—*Trustee's Deed,* executed without any public sale, as required by the power contained in the deed of trust, is void.

4. —— *Purchaser's Duty—Caveat Emptor,* applies strictly to a purchase at a trustee's sale. The purchaser must, at his peril, see that the trustee follows the requirements of the power of sale.

5. TRIAL—*Opening Case—Discretion.* Plaintiff in ejectment was informed, long before the trial, by a witness assuming cognizance of the fact, that a trustee's deed under which he deraigned title was executed without any sale made by the trustee. Held that it was his duty to anticipate this defense, and prepare to meet it upon the trial, and that it was not an abuse of discretion to refuse an application made after the submission of the cause, and before judgment, for leave to put in testimony in contradiction of that given upon the trial, to establish this defense.

*Appeal from Logan District Court.* HON. H. P. BURKE, Judge.

Mr. JOHN F. MAIL, for appellant.

Mr. W. L. HAYS, for appellee.

HURLBUT, J., rendered the opinion of the court.

This is a possessory action, instituted July 31, 1908, under sec. 265, Mills' Annotated Code, by appellant (plaintiff below) against appellee. Defendant filed his answer consisting of a general denial only.

At the trial plaintiff introduced in evidence the deeds and documents upon which he relied to establish his title, one of which (a trustee's deed) purported to convey the land in controversy to plaintiff. Plaintiff then rested; whereupon defendant produced two witnesses whose testimony tended to prove that the public sale mentioned in the trustee's deed had never taken place. Their evidence was to the effect that they appeared at the front door of the court house on the day of sale at nine o'clock in the morning and remained continuously there and thereabout until twelve o'clock; and that the trustee did not appear at that time at the court house, at its front door or other place near or about the same, and submit at public vendue the property in controversy. The court took the case under advisement, and fourteen days thereafter, and before judgment was announced, plaintiff filed a motion asking the court to reopen the case and permit him to introduce evidence in rebuttal to disprove the statements of the two witnesses mentioned, supporting the same with four affidavits. The court overruled said motion and rendered judgment in favor of defendant.

There are but two specific assignments of error, the first of which challenges the ruling of the court in permitting, against plaintiff's objection, the two witnesses to testify as to the absence of public sale of the premises in accordance with the advertisement.

Appellant urgently insists that the trustee's deed, being good on its face, fixed, *prima facie*, the legal title to the premises in plaintiff, and that, under the code, defendant having only pleaded a general denial, could not attack such deed by showing a want of capacity in

the trustee to execute the same through his failure to cry and sell the property at public auction at the time and place designated in the advertisement of sale; in other words that, by failing to specially plead in his answer the want of such sale, defendant was estopped from proving the absence thereof; citing in support of his contention *Wells v. Caywood*, 3 Colo., 487, and *Davis v. Holbrook*, 25 Colo., 493, 55 Pac., 730. Neither of these cases throws any light on the question. Our attention has not been called to any case in the appellate courts of this state, since the adoption of the code, involving the identical question before us. It may be conceded that the trustee's deed was good on its face, and fixed, *prima facie*, the legal title in plaintiff; and we are now to consider whether or not, under the general denial pleaded by defendant, he was entitled to establish, by proof, the absence of sale under the trust deed, and thus show fraud of the trustee in executing the trustee's deed without having first sold the land at public auction as required by the trust deed.

The controverted point is narrowed to the simple proposition whether, in a code action to recover possession of land, when the complaint simply avers the general title to be in plaintiff in fee, and the answer consists only of a general denial, the defendant may show by competent testimony the invalidity of a trustee's deed produced at the trial and relied upon by plaintiff, by disproving the recitals of such deed which allege that the property therein described has been sold at public sale in accordance with the terms of the trust deed, therein mentioned. Our supreme court has repeatedly decided that in the code possessory action the plaintiff must rely upon the strength of his own title and not upon the weakness of that of defendant, excepting only where the title to the land in controversy is in the government of the United States, and that the same principles

applicable to the action of ejectment existing prior to the adoption of the code govern in the code action, except where changed by statute. Under sec. 59, Mills' Code, the defendant may plead any defense he may have to a cause of action, whether it be denominated legal or equitable. Section 268 of the code, pertaining to possessory actions, reads in part as follows:

"The answer to a complaint filed under this chapter shall either specifically or generally deny the material allegations of the complaint;  *  *  *  The answer may also state generally as in the complaint the character of the estate in the premises, or any part thereof which the defendant claims, or any right of possession or occupancy he claims."

It appears from this section that in such an action, if defendant chooses, he may rely solely upon a general denial to defeat plaintiff's claim. In this state, under the practice applicable to actions of ejectment prior to the adoption of the code, it was held by the supreme court in *Knox et al. v. McFarran,* 4 Colo., 586, that under the general issue in ejectment it was competent for defendant to show that a deed relied on by plaintiff was made with intent to defraud creditors, and the court, speaking through Judge Elbert, used this language:

"The superior facilities of a court of equity to investigate questions of fraud, its greater power to afford relief, the propriety of investigating questions touching the validity of conveyances of real estate in a direct rather than a collateral proceeding, would have made resort to its jurisdiction in this case advisable. Courts of law, however, have generally insisted upon a broad concurrent jurisdiction in matters of fraud, and we accept the decisions as we find them. In an action of ejectment it is competent to show that a conveyance relied upon by one of the parties to the action was made with the intent to defraud creditors.  *  *  *

"That a like question of fraud might be investigated in an action of forcible detainer was held in the case of *Wilcoxen v. Morgan,* 2 Colo., 473. There is no reason for prescribing a different rule in ejectment."

It will be noticed in the instant case that defendant neither pleads nor attempts to prove an equitable title to the property. He was in possession, and his general denial, as has been frequently held, admits his possession. Under the code he might have pleaded specifically an equitable or legal title, and introduced evidence in support thereof, but he chose to stand upon his possession and demand of plaintiff a full and clear proof of his pleaded title or right of entry. If the trustee executed the trustee's deed without having previously cried and sold the land at public auction, as required by the trust deed, he possessed no power or authority to execute the deed, and the same would convey no title to the grantee except the bare legal title; the equitable title still remained in the trustor. We think that in a code action of ejectment, under pleadings like these, defendant under his general denial could show the fraud of the trustee in executing the trustee's deed without having first sold the property at public vendue at the time and place fixed in the advertisement; and if his proof was sufficient in this behalf plaintiff's action would fail.

In *Harrison v. Hodges,* 49 Colo., 105, 111 Pac., 706, being an action under the code to quiet title to land, the plaintiff pleaded generally his ownership and possession of the land, and the defendant Hodges filed his answer denying the allegations of the complaint, and in addition pleaded generally his ownership in fee. Plaintiff's title was founded upon a tax deed which was offered in evidence by him but rejected by the court on the ground that it was void on its face. It was claimed by plaintiff (appellee) on appeal that defendant was not entitled to the relief given him by the court, because he had failed

to specially plead the defects in plaintiff's tax deed. The court ruled against his contention, and Justice Musser in rendering the opinion of the court used this language:

"It is impossible to conceive how the defendant in his answer could be expected to plead the defects in the tax sale or tax deed. The plaintiff in her complaint alleged that she was the owner of the land. The defendant in his answer was not bound to anticipate that the plaintiff would prove her title by tax deed. In fact, there was nothing in the complaint that called for more than a denial of plaintiff's title and the setting out of the right or interest claimed by the defendant."

In that case the defendant apparently put in evidence, over plaintiff's objection, testimony which tended to show that the tax deed was void because of failure of the revenue officers to comply with the law in prosecuting the proceedings which culminated in the tax deed. It was not indicated in that opinion what the rule would be in case the action were one for possession under the code. However, in *Empire R. & C. Co. v. Howell,* 24 Colo. App., 67, 131 Pac., 798, Judge Morgan, by way of *dictum,* held that in a possessory action under the code the rule should be the same in this respect as that announced by the supreme court in the Harrison case, using this language:

"Although not necessary to determine on this appeal, another assignment will be considered, whereby appellant contends that, under a general denial, in the replication, a plaintiff, in the code action for possession of land, cannot introduce evidence attacking a tax deed, introduced by defendant, for defects not appearing on the face thereof. This contention is not without merit, where the defendant pleads a tax deed, fair on its face, to establish title in himself.—*Anderson v. Bartels,* 7 Colo., 256 [3 Pac., 225]; *Schlegeter v. Gude,* 30 Colo., 310 [70 Pac., 428]; *Harrison v. Hodges,* 49 Colo., 105 [111 Pac.,

706]. In the last case cited, however, the supreme court held that in the code action to quiet title it is impossible to conceive how defendant can plead the infirmities in a tax deed that is not pleaded by the plaintiff; and it would seem that in the code action for possession of land it would be no less impossible to conceive how a plaintiff could be expected to plead in a replication the defects leading up to the execution of a tax deed relied upon by defendant, where the defendant has not pleaded it in the answer.''

In *Watts v. Witt,* 39 S. C., 356, 17 S. E., 822, a possessory action, a question was presented somewhat similar to the one we have before us. The court held that defendant could defeat plaintiff's claim by showing that one of plaintiff's muniments of title was founded upon fraud in its execution, saying:

''She must, under the well settled rule, depend entirely upon the strength of her own title, and not upon the weakness of her adversary. A defendant in possession may either fold his arms and await the establishment of plaintiff's title, or he may show a superior title in some third person, and until the plaintiff shows a title superior to all the world, the defendant is entitled to retain possession. When, therefore, it appears that one of the links in plaintiff's title is defective or void, for fraud or other cause, the plaintiff fails to establish superior title, and the action fails on that account. Any other view would permit a party to take advantage of his own wrong.''

In *Sparrow v. Rhoades,* 76 Cal., 208, 18 Pac., 245, 9 Am. St., 197, being an action in ejectment, in which defendant answered by a general denial, it was held the defendant could give evidence that the consideration for one of plaintiff's muniments of title was illegal, the court saying:

''Under a general denial in an action of ejectment

the defendant has a right to introduce in evidence any fact which might show or tend to show that the plaintiff had no right of entry when the suit was brought. * * * Under the general denial of the answer, evidence was admissible to show that the title, which on the face of the deed appeared to have passed to the plaintiff, could not have done so, and that the deed was worthless as a muniment of title, or, as that under which a right of entry accrued to the plaintiff, even although the fact that the deed was void by reason of an illegal consideration was not set up by special plea in confession and avoidance.

"The general denial of the defendant was in effect that he denied the plaintiff's title and right of entry, the proof to sustain which was, that the deed under which the plaintiff claimed was in fact no deed at all—of no more value to convey title than a piece of blank paper, and utterly valueless as evidence of title."—*Farley v. Parker,* 6 Or., 105, 25 Am. Rep., 504; *Gilman v. Gilman,* 111 N. Y., 265, 18 N. E., 849; *Kelso v. Norton,* 65 Kan., 778, 70 Pac., 896, 93 Am. St. Rep., 308; *Colorado Cent. Con. M. Co. v. Turck,* 50 Fed., 888, 2 C. C. A., 67; *Dobbs et al. v. Kellogg,* 53 Wis., 448, 10 N. W., 623; *Fitzgerald v. Shelton,* 95 N. C., 519; *Phillips v. Hagart,* 113 Cal., 552, 45 Pac., 843, 54 Am. St. Rep., 369. See also, *Lewis v. Hamilton,* 26 Colo., 263, 58 Pac., 196.

As to the remaining assignment of error, appellant insists that the court abused its discretion in overruling the motion to reopen the case and permit rebuttal testimony to be given. As above shown, both parties rested at the trial. The court took the case under advisement, and fourteen days thereafter, before judgment was announced, plaintiff filed the motion. It was within the discretion of the court to grant or deny the motion. We discover nothing in the record that suggests prejudice or feeling on the part of the court against plaintiff in its

rulings on the motion. Plaintiff had ample opportunity at the trial to ask for a continuance in order to produce, if he could, this rebuttal testimony. In the morning hour Murray and Morris had given their testimony. Plaintiff's attorney had not rested his case when a recess was taken at noon. He had two hours at that time to think the matter over, with full knowledge of the testimony attacking his trustee's deed. In his affidavit the attorney avers that during the recess he tried to find the substituted trustee, Arnold, but was unable to find him; still he went back to court at two o'clock and rested his case without making any motion or suggesting anything to the court in the way of a continuance, or that he desired further time to investigate the matters testified to by the two witnesses. After apparently being satisfied to submit the case to the court for determination as it stood, he waited two weeks thereafter before indicating to the court that he wanted an opportunity to introduce rebutting testimony. It is also stated in the attorney's affidavit that he had no knowledge whatever that defendant intended to question the sale upon which the trustee's deed was founded, and that he was surprised by the evidence of the two witnesses mentioned. The court could not have been much impressed with this statement, as the affidavit of the plaintiff himself stated that he talked with defendant's witness Morris on the day he recorded the trust deed, July 17, 1908, and that at that time Morris told him the land had not been sold, and affiant in reply asserted it had been sold and he had a trustee's deed which he had brought there for record. Morris also told plaintiff at that time that he was financially interested with Murray in the land and that if they could clear up the title they would own the land jointly; so that plaintiff's own affidavit shows he knew both Morris and Murray were contending that no sale had taken place, and he had every reason to believe that at the trial this would

be at least one defense he would have to meet. It should be presumed that plaintiff conveyed this information to his attorney, and he should not be heard at the trial to say he was surprised concerning the evidence of Morris and Murray. The statements contained in the affidavit of Arnold, trustee, are nothing more than an attempted effort to state the same facts concerning the sale which are already recited in the trustee's deed, which statements are much less clear and positive than those in the deed. No good purpose could be served by reopening the case in order to allow the trustee to recite the same facts already recited in the trustee's deed, and especially when of less force and clearness. As the case was tried to the court without a jury, it must be presumed that the trial judge carefully read and considered the four affidavits mentioned, and fairly measured the full force and effect of the statements therein contained, as against the sworn testimony given by Morris and Murray. It should also be presumed that if anything contained in the affidavits had created in the mind of the judge a serious doubt as to the sale or non-sale under the trust deed, he would have promptly granted the motion. The trial judge was warranted in considering every statement in the affidavits in connection with the sworn testimony given by the two witnesses, and if he were satisfied therefrom that the evidence as a whole preponderated in favor of the defendant he would be justified in overruling the motion, as he did. We cannot do otherwise than attribute to the able judge who tried the case perfect impartiality as between the contending parties, and we are not inclined to attribute to him an arbitrary and willful abuse of discretion as suggested by appellant.

This is not a case where a purchaser is striving to maintain his title to real property founded upon private purchase of premises where he is threatened with loss of his title by reason of some defect or omission in his title

deed which is discovered after the transfer; but is a case where he has loaned money or purchased a note or other indebtedness on the faith of a trust deed security upon real property. It is a universal rule in all jurisdictions that the doctrine of *caveat emptor* strictly applies in sales under a trust deed, and anyone standing in the position of a purchaser at a trustee's sale must at his peril see to it that the trustee who makes the sale has in every way fully and completely followed the directions prescribed for him in the trust deed.

In the light of this record we cannot say that the trial court abused its discretion in overruling plaintiff's motion.

Our conclusions as above expressed determine this appeal in favor of the appellee, and the judgment will be affirmed.