(136 So. 837)

## BRISTOW v. STATE.
### 7 Div. 759.

Court of Appeals of Alabama.
June 23, 1931.

Rehearing Denied Aug. 4, 1931.

L. H. Ellis, of Columbiana, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was indicted for the offense of murder in the first degree.

He was tried, convicted of the offense of manslaughter in the first degree, and appealed from the judgment of conviction on that trial to this court.

Here the same was reversed. See Bristow v. State, 23 Ala. App. 560, 129 So. 296.

Again he was put on trial, again convicted of the offense of manslaughter in the first degree, and the present appeal results.

There seems no necessity for us to discuss at length the testimony. It presents a sorry picture.

■ There is no dispute but that appellant, deceased, and a number of other men, were spending Sunday afternoon in the woods a short distance from a little place called Shorter, engaged in gambling and drinking; but that practically the whole party were reveling in some stage or degree of drunkenness; but that appellant shot deceased with a pistol, the bullet entering his left eye and going out the top of his head just to the right of the center line; but that deceased died a short time later.

The undisputed testimony being as above indicated, the trial court charged the jury orally in part as follows: "A life has been taken, and there is no means of restoring this life; however, this fact does not mean that this defendant should be punished, because there may have been a justification, and if so, the defendant should not be punished."

Appellant reserved an exception, severally, to the quoted portion of the Court's oral charge, and to each clause thereof.

As said by the late, learned, and lamented Mr. Justice Somerville, for our Supreme Court, in the opinion in the case of Goff et al. v. Sellers, 215 Ala. 489, 111 So. 210, 211: "Section 9507, Code 1923 (section 2274, Code 1852), declares that the court 'shall not charge upon the effect of the testimony, unless required to do so by one of the parties.' It has been held that this section 'was not intended to abridge the original, inherent power of the court to direct the attention of the jury to undisputed, admitted facts.' Dennis v. State, 112 Ala. 64, 20 So. 925; Tidwell v. State, 70 Ala. 33. And, 'when the record shows affirmatively that certain facts are clearly shown and not disputed—

not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis.'" And see Mobile Light & Railroad Co. v. Lizzie Phillips, ante, p. 318, 135 So. 424.

We think it may fairly be said from the testimony in this case that the matters and things stated to the jury in the portion of the oral charge of the court quoted, and to which exception was reserved, were "clearly shown and not disputed—not made any part of the contention," etc., and that hence, under the authorities we have quoted from, and cited, in the next preceding paragraph, there was no error in the particulars presented by the exceptions.

■ Moreover, we are persuaded that the portion, or portions, of the oral charge in question, even if erroneous, worked no harm to appellant's cause. So we would not predicate a reversal upon the giving of same in any event. Supreme Court Rule 45.

■ There was no error in sustaining the state's objection to the undignified spectacle offered before the jury during the argument of the case, by defendant's counsel "laying down on the floor before the jury and asking George Lawley, one of defendant's witnesses, to get up over him and straddle him as he lay on the floor to illustrate to the jury that Bristow (appellant) could not have shot the deceased and hit him in the eye," etc.

In the first place, the bill of exceptions recites that "they (appellant's counsel and said Lawley) were in this position—the one described in the next preceding paragraph—before any one knew it." And merely sustaining the state's objection, without taking any further action, or, so far as appears, ordering them to arise, etc., gives appellant nothing of which to complain.

■ But, in the second place, surely, and we so hold, the court had the necessary powers of discretion to prevent any such unseemly performance. 16 C. J. 894; Hardy v. Randall, 173 Ala. 516, 55 So. 997.

What we have said above disposes of the questions discussed in the brief filed on this appeal by appellant's able counsel.

In addition, we have carefully read and considered the entire record, including the bill of exceptions, and have given attention to every question apparent.

There appears nowhere prejudicial error, and the judgment of conviction is affirmed.

Affirmed.